RHODA E. SWARTZLANDER, Plaintiff, *v.* CHARLES SWARTZLANDER and Others, Defendants.

Supreme Court, Monroe County, August 11, 1926.

Husband and wife — action by wife to have assignment of judgment recovered by husband for alienation of affection set aside and to have judgment rendered in favor of wife against husband on separation agreement declared lien upon husband's judgment — equity will not permit one to take advantage of his own wrong — complaint dismissed on merits.

A husband recovered a judgment for the alienation of his wife's affections and assigned the judgment to third persons. After the husband's action was commenced the wife recovered a judgment against him on a separation agreement. The wife cannot have the assignment of the husband's judgment set aside and have her judgment declared a lien on the husband's judgment, for to allow such a lien would violate the equitable maxim that no one should take advantage of his own wrong, particularly where the husband, except for the judgment he obtained in his action for the loss of his wife's society, is insolvent and became solvent only through the joint conduct of his wife and her admirer; the enforcement of the wife's contract with her husband, if she were to succeed in this action, would become possible only by her willful misconduct toward her husband, thereby enriching her through her wrong.

Action to have certain assignments of a judgment, recovered by the defendant Swartzlander, set aside and to have a judgment heretofore rendered in favor of the plaintiff and against said defendant, declared to be a lien upon the first mentioned judgment.

*Philetus Chamberlain* [*George D. Forsyth* of counsel], for the plaintiff.

*William L. Clay*, in person, and attorney for the defendants Swartzlander and Gottshall.

Stephens, J. The plaintiff is the wife of the defendant Charles Swartzlander; in September, 1924, the said defendant brought an action against one Seaman to recover damages by reason of the alienation by him of the affections of the plaintiff in this action from her said husband; the trial of the issues resulted in a verdict in favor of the plaintiff therein, the defendant Swartzlander here, and judgment was entered thereon April 28, 1925.

At the time said action was brought and prior thereto, the plaintiff here and her husband were living apart; they had entered into a separation agreement in October, 1919, by the terms of which the husband agreed to pay to the wife eight dollars per week and more under certain contingencies not material now, for the support of their two children, of whom the wife had custody; he made no payments under that agreement, or at least had not fully complied with its terms, and in December, 1924, the wife sued him on the contract to recover the amount unpaid; on the first trial of the action the jury disagreed but, upon the second trial, the plaintiff was successful and a judgment in her favor was docketed November 23, 1925; on the same day, execution was issued and later returned unsatisfied.

On October 21, 1925, the defendant Swartzlander assigned the judgment he had recovered against the said Seaman, one-half thereof to the defendant Gottshall and one-half thereof to the defendant Clay; it is to remove the obstruction of these assignments to the appropriation of that judgment, to the satisfaction of her claim, that the plaintiff has brought this action.

To summarize the facts in briefer phrase, the husband recovered a judgment that measured his damage for the loss of his wife's society, occasioned through the agency of Seaman; afterward the wife obtained judgment against the husband in an action on contract; the husband assigned the judgment in his favor before entry of the judgment against him; the wife now asks the aid of equity in order to enable her to get payment of her judgment from the moneys awarded to her husband as damages for the breach of her marital contract.

My attention has not been called to, nor have my own researches discovered, a similar situation; the case is one of novel impression; a like condition could not arise under the common law because of the wife's incapacity to get a judgment against her husband; the early jurisdiction of the Court of Chancery to aid judgment creditors, which antedated the provisions of the Revised Statutes and was not superseded by them, was consequently not invoked in litigations of this character; the right of the plaintiff, therefore, to relief, is a comparatively modern one, both in respect to her capacity to sue her husband and in respect to the remedy in equity; the former is no longer in question; the latter gives pause to decision.

The husband, except for the judgment that he has obtained, is insolvent; he has become solvent through the joint conduct of his wife and her admirer; except for such conduct, she could not hope to realize on the contract; the enforcement of its obligation, if the desired relief be granted to her, has become possible only by her willfully wrong misconduct toward her husband; that which was otherwise worthless would become valuable through her wrong; she would, therefore, be enriched through that wrong; her action against her husband will, in effect, have served as a counterclaim to his cause of action against Seaman which accrued to be sure, not against the wife but nevertheless because of her misdoing; it was not available for that purpose at law in the action brought by her husband for a tort to which she was a consenting partner; if she succeed here, equity must be more indulgent; that the plaintiff wife and said Seaman are even yet united in interest and acting in concert in this litigation, was confirmed by the evidence at the trial; it appeared that the latter had made a proposal through his counsel to pay the judgment against him if the plaintiff's judgment were also paid or credited on the judgment against him, and in a bond given by the plaintiff upon her motion for an order restraining the sheriff from paying over the moneys collected under the execution issued on the judgment against him to the assignees of the judgment, the said Seaman was one of the sureties.

The maxim that no one should take advantage of his own wrong is rooted deeply in the principles both of law and of equity; it is elemental in all human relationships; it does not mean, however, that if one suffer injury through any tort of another and recover a judgment for damages, and is made solvent thereby, that the injuring party, if he held a contract obligation against his judgment creditor, could not benefit in any fashion from the newly acquired resources of his contract debtor; the doctrine that a person cannot be advantaged by his own wrong is applicable only to willful wrongs as distinguished from carelessness. (*Riggs* v. *Palmer*, 115

N. Y. 506; *McKay* v. *Syracuse R. T. R. Co.*, 208 id. 359; *Lewin* v. *Lehigh Valley R. R. Co.*, 52 App. Div. 69; affd., 165 N. Y. 667.)

While the application of this maxim to the precise conditions such as we find here is new, the actions at common law brought by a wife to recover damages for the alienation of the affections of her husband are so nearly kindred that they supply an analogy if they do not furnish a precedent; the wife, in such actions, was denied relief for two reasons: (1) That she could not bring the action without joining her husband as plaintiff; and (2) that any recovery that might be had for the injury done to her, would belong to her husband by virtue of his common-law marital right in her personal property and, in such event, he would be enriched by his own wrong (13 R. C. L. 1460, citing *Foot* v. *Card*, 58 Conn. 1; *Westlake* v. *Westlake*, 34 Ohio St. 621); in an action of like nature it is said: "The cause involves the misconduct of the husband, and there is no propriety in permitting him to join with his wife in prosecuting an action for such cause and to realize a pecuniary benefit as the result of his own wrong." (*Bennett* v. *Bennett*, 116 N. Y. 584, 598.)

With the removal of the impediments to the wife's bringing an action in her own name and to her right to hold the judgment recovered as her separate property, the wife's capacity to prosecute such an action, in this State at least, is no longer arguable, but this reference is made to indicate the consistency of the courts in maintaining the integrity of the formula that prohibits an offending party to the marriage contract from profiting by his misconduct at the expense of the other.

There is no differentiation in the application of this rule due to the circumstance that the plaintiff's cause of action against her husband was upon contract; she would have had a cause of action, made available to her by the removal of common-law restrictions, in the absence of a contract, to recover any moneys she had expended in support of the children (*DeBrauwere* v. *DeBrauwere*, 203 N. Y. 460); the controlling principle does not regard the source of the obligation but only the means by which it can be exonerated.

Equity must refuse to aid the plaintiff in her effort to obtain any benefit from the assigned judgment; it will leave her in the position in which it found her when her appeal to its jurisdiction was made (*Romaine* v. *Chauncey*, 129 N. Y. 566); the defendant husband, too, is not entitled to equitable interference in his behalf; he might or might not have prevented the collection of the wife's judgment from the proceeds of the Seaman judgment; that I do not decide; it is not necessary to do so; he had no confidence in

equity; counseled by his fears, he placed the judgment, which might in fact have been securely his, where it cannot be appropriated by his wife unaided by equity; while his conduct in this respect is not approved, it adds nothing of strength to the plaintiff's position.

It should be said, however, in passing, that the assignment of one-half of the judgment to the defendant Clay, who acted as attorney for the defendant Swartzlander in his action against Seaman and in the one brought by the plaintiff here against the defendant Swartzlander on the contract, was made upon adequate consideration and would not, in any event, be disturbed.

These considerations lead to the conclusion that the defendants are entitled to judgment dismissing the complaint on the merits; the order restraining the sheriff from paying out any moneys collected by him, by virtue of the execution issued upon the judgment in favor of the defendant Swartzlander and against said Seaman, to be continued for a period of forty days after the judgment herein has been entered and a copy of the same, with notice of entry thereof, has been served upon the plaintiff's attorney.