RHODA E. SWARTZLANDER, Appellant, *v.* CHARLES SWARTZLANDER and Others, Respondents.

Fourth Department, March 9, 1927.

**Husband and wife — separation — wife had judgment against husband for amount due under separation agreement — prior to said judgment husband recovered judgment against third person for alienation of wife's affections and for criminal conversation — husband assigned his judgment, one-half for consideration and one-half without, before plaintiff secured her judgment — present action is to set aside assignments as in fraud of plaintiff's judgment — error to deny plaintiff relief of ordinary judgment creditor on theory that she did not come into court with clean hands — facts do not show that plaintiff and her paramour were or are still acting in concert in this litigation.**

The plaintiff recovered a judgment against her husband, one of the defendants, for the amount due under a separation agreement. Prior to the time the plaintiff recovered her judgment, her husband recovered a judgment from a third person for alienation of his wife's affections and for criminal conversation, and prior to plaintiff's judgment the husband assigned one-half of his judgment to one of the defendants for good consideration, and the other half to the other defendant without consideration. This action is to have the assignments set aside as in fraud of plaintiff's judgment.

It was error for the court to deny plaintiff the relief of an ordinary judgment creditor on the ground that the plaintiff did not come into court with clean hands, and, therefore, was not entitled to equitable relief. The facts do not show that the plaintiff and her paramour had been and are still acting in concert in this litigation, or that the husband's judgment debtor has any interest in plaintiff's judgment. The mere fact that the husband's judgment debtor offered, without the knowledge of the plaintiff, to pay his judgment if plaintiff's judgment were credited thereon, and that said judgment debtor and his daughter are sureties on plaintiff's appeal, does not show such relationship as would deny the right of the plaintiff to recover.

Furthermore, the equitable doctrine invoked by the defendant will only be applied where the alleged immorality or depravity relates to the actual matter in controversy. The rights of the plaintiff, represented by the judgment she holds, remain unsullied whatever her conduct with the husband's judgment debtor may have been.

APPEAL by the plaintiff, Rhoda E. Swartzlander, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Monroe on the 15th day of September, 1926, upon the decision of the court rendered after a trial at the Monroe Equity Term.

*Arthur VD. Chamberlain* [*George D. Forsyth* of counsel], for the appellant.

*William L. Clay*, for the respondents.

SEARS, J. Defendant Swartzlander and the plaintiff are husband and wife. On the 23d day of November, 1925, the plaintiff recovered a judgment against the defendant Swartzlander for about $2,000. Execution on this judgment has been returned unsatisfied. The judgment was obtained upon a contract between husband and wife made at the time of their separation in which, among other things, the defendant Swartzlander promised to pay certain weekly sums for the care and maintenance of their children. The defendant Swartzlander on the 28th day of April, 1925, recovered a judgment against Augustus Seaman in an action for the alienation of the affections of the plaintiff by Seaman and for criminal conversation. On the 21st day of October, 1925, the defendant Swartzlander by an instrument in writing assigned one-half of such judgment against Seaman to the defendant Gottshall, and on the same day by another instrument in writing he assigned the other half of the judgment to the defendant Clay. By this suit in equity the plaintiff seeks to set aside these assignments as in fraud of her judgment. The learned justice at the Special Term has found that the assignment to Clay was for an adequate consideration, and with this finding we agree. The learned justice has also found that the assignment to Gottshall was without consideration, but has denied

relief to the plaintiff because, in his opinion, the plaintiff does not come into court with clean hands and is, therefore, not entitled to equitable relief. (127 Misc. 801.)

Aside from the fact that the judgment against Seaman was recovered in an action for alienation of plaintiff's affections and for criminal conversation, the only evidence bearing upon the plaintiff's possible wrongful or immoral acts are these: An action has been pending for some time against the plaintiff for a divorce; the judgment debtor Seaman made an offer through his attorney, who was also the attorney for the plaintiff, to pay the judgment which has been recovered against him in favor of the defendant Swartzlander, if the plaintiff's judgment against Swartzlander were credited on it; at one time, but not at the time of the trial, the plaintiff lived in the defendant Seaman's house as his housekeeper; she was a witness in the alienation action, but her testimony is not included in the record; Seaman and a daughter of his are the sureties upon a bond or undertaking given by the plaintiff in this action. These facts are not sufficient to justify the finding " that the plaintiff's wife and the said Seaman are united in interest and have been and are yet acting in concert in this litigation." The plaintiff was not a party to the alienation action and is not bound by the verdict and judgment in that case. The fact that she was a witness does not alter the rule. (*Williams* v. *Barkley*, 165 N. Y. 48, 56; *Laskowski* v. *People's Ice Co.*, 203 Mich. 186; *Groth* v. *Washburn*, 39 Hun, 324; 2 A. L. R. 586 and note.) The divorce suit remains unheard. The offer of Seaman in respect to the payment of his judgment is not shown to have been with the knowledge or consent of the plaintiff. In fact she categorically denies that she has given Seaman any interest in the judgment, but on the contrary asserts that she owns it herself. The only other important fact is the execution of the bond by Seaman as a surety, and this bare circumstance is not sufficient to establish wrongdoing on her part.

There is another reason why the defendant Swartzlander's contention should be rejected. The doctrine of clean hands does not repel all sinners from the courts of equity. Illegality, immorality or depravity are not sufficient to deny a suitor relief unless connected with the actual matter in controversy or the conduct of the suit. (*Rice* v. *Rockefeller*, 134 N. Y. 174; *West* v. *Washburn*, 153 App. Div. 460; *Employing Printers Club* v. *Dr. Blosser Co.*, 122 Ga. 509; *Burton* v. *Belvin*, 142 N. C. 151.) Here the plaintiff's right is founded on the defendant Swartzlander's breach of contract to supply her with funds to support and maintain the children of the defendant Swartzlander and the plaintiff. Such right now

embodied in a judgment remains unsullied whatever her conduct with Seaman may have been. It is the collection of this judgment which she seeks here, and in respect to the matter in controversy and to the suit itself her hands are not unclean.

On the whole case, therefore, in our opinion, grounds for denying the plaintiff the relief of an ordinary judgment creditor have not been shown.

The judgment so far as it relates to the assignment to defendant Gottshall should be reversed on the law and the facts, and judgment directed for the plaintiff declaring null and void and setting aside the assignment from the defendant Swartzlander to the defendant Gottshall to the extent of plaintiff's judgment against Swartzlander, with costs to the plaintiff against defendants Swartzlander and Gottshall, and otherwise judgment should be affirmed, with costs to defendant Clay. Finding of fact IX disapproved and reversed; new findings made in the form requested in 8th and 14th requests of the plaintiff.

All concur, except SAWYER, J., not voting. Present — CLARK, SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Judgment so far as it relates to the defendant Gottshall reversed on the law and facts and judgment directed for the plaintiff nullifying the assignment from defendant Swartzlander to Gottshall to the extent of plaintiff's judgment, with costs, including costs of this appeal, to plaintiff against defendants Swartzlander and Gottshall; and otherwise judgment affirmed, with costs to defendant Clay. Certain finding of fact disapproved and reversed and new findings made.