### AUSTIN D. MILLER *vs.* BARNARD POST.

No action lies to recover the price of milk sold by the can, at wholesale, in cans not sealed according to *St.* 1859, *c.* 206, § 4, although the state sealer refused to seal them for the statute price.

CONTRACT to recover the price of three hundred and seventeen cans of milk sold to the defendant. In the superior court, it was agreed that the plaintiff and the defendant have been for several years engaged in the sale of milk in Boston, the plaintiff selling at wholesale, and the defendant at retail; that the milk sued for, amounting in value to $53.68, was sold and delivered by the can, at wholesale, by the plaintiff to the defendant, in August 1859; that the cans used in the sale had never been sealed, as required by *St.* 1859, *c.* 206, § 4; that, after the passage of the statute and before the sale, the plaintiff applied to the state sealer to seal his cans, and the sealer refused to seal them for two cents each, as he was required to do, by the statute; and that no sealer can afford to seal them at that price. Upon these facts, judgment was ordered for the defendant, and the plaintiff appealed.

*I. D. Van Duzee*, for the plaintiff.

*E. M. Bigelow*, for the defendant.

HOAR, J. A contract, which it is illegal to make, cannot support an action. *Pattee* v. *Greely*, 13 Met. 284, and cases there cited. The rule is a familiar one, and it is important, from considerations of public policy, that it should be carefully enforced. Was the contract, on which the plaintiff declares, an unlawful

contract? The *St.* of 1859, *c.* 206, § 4, provides that milk shall be bought and sold by wine measure; that all persons engaged in the sale of milk shall annually, in the month of May, cause to be sealed, by the sealer of weights and measures in their respective cities and towns, all vessels used by them in the sale or buying at wholesale of milk, by wine measure; that all cans used in the sale of milk shall be sealed by said sealer of weights and measures, at a price not exceeding two cents each, at the amount which they severally hold by wine measure; and that any person who shall fail to comply with the provisions of the law requiring all measures to be sealed shall be held guilty of a misdemeanor, and, upon conviction thereof, incur a certain forfeiture.

The agreed statement of facts finds that the plaintiff sold and delivered his milk in August 1859, in cans, and by the can, and that the cans were never sealed as required by the statute. His declaration is upon an account annexed, which is for cans of milk, at thirty cents a can.

The English decisions are numerous and clear, which establish the doctrine that, where a contract is made in a manner prohibited by a statute passed for the protection of a buyer, no action can be maintained upon it; and that, where the statute directs the mode in which the contract shall be made, not following the direction is equivalent to disobeying a prohibition. And, if the statute imposes a penalty upon the act done, this will make the contract void in like manner as if it were in terms prohibited, because a penalty implies a prohibition. *Bartlett* v. *Vinor*, Carth. 252. *Law* v. *Hodson*, 11 East, 300. *Little* v. *Poole*, 9 B. & C. 192. *Forster* v. *Taylor*, 5 B. & Ad. 887. *Cundell* v. *Dawson*, 4 C. B. 376. The same principles have been frequently recognized by this court. *Wheeler* v. *Russell*, 17 Mass. 258. *Allen* v. *Hawks*, 13 Pick. 82. *Pattee* v. *Greely*, 13 Met. 284.

The contract upon which the plaintiff declares was made in direct contravention of the requirements of the statute. He sold his milk by the can, as a measure, and his cans were not sealed. The statute required all cans used in the sale of milk

to be sealed, and imposed a penalty for a failure to comply with its provisions. This made a sale of milk in cans which were not sealed an unlawful and prohibited sale.

The other points relied upon by the plaintiff are not well taken. The statute required the cans to be sealed annually in the month of May, but the plaintiff might have had them sealed in any other month; and it was imperative upon him to have them sealed before he used them for the sale of milk.

The objection that the state sealer refused to seal them for the price allowed by law, and that no sealer could afford to seal them for that price, is of no avail. The sealer of weights and measures for the city of Boston was obliged by law to do the duty pertaining to his office, for the legal fee, so long as he held the office, and would be responsible for any neglect or refusal to do it. But if he refused, the consequence would follow that the plaintiff could not lawfully sell milk by the can.

*Judgment for the defendant for costs.*