## Moses H. Libby & another *vs.* John Downey.

No action lies to recover the price of anthracite, bituminous or mineral coal, when sold in quantities of five hundred pounds or more, except by the cargo, unless the same is weighed by a sworn weigher and a certificate of the weight delivered to the buyer, in conformity to Gen. Sts. *c.* 49, § 189.

Contract brought to recover the price of six tons of coal and one cord of wood. The answer, amongst other things, denied " that the said coal was ever duly weighed by a sworn weigher, and a certificate of said weigher delivered at the time of the alleged delivery of said coal to the defendant or his agent, as by law required."

A trial by jury was waived in the superior court, and the case was heard before *Morton*, J. The plaintiffs introduced evidence tending to prove the sale and delivery, and rested ; and the judge ruled that the plaintiffs had made out a *prima facie* case, and, in the absence of any evidence on the part of the defendant, were entitled to recover; and found for them accordingly. The defendant alleged exceptions.

*W. P. Harding*, for the defendant, cited Gen. Sts. *c.* 49, §§ 187–189 ; *Clark* v. *Oliver*, 3 Allen, 336 ; *Wheeler* v. *Russell*, 17 Mass. 258.

*T. Willey,* for the plaintiffs, cited *Hilton* v. *Smith,* 5 Gray, 400; *Dorr* v. *Fisher,* 1 Cush 271.

BIGELOW, C. J. To entitle the plaintiffs to recover for the price of the coal, they were bound to show a legal and valid sale. This burden they did not discharge. By Gen. Sts. *c.* 49, §§ 187–190, it is provided that anthracite and other coal, when sold in quantities of five hundred pounds or more, except by the cargo, shall be sold by weight, and that " on or before the delivery of such coal the seller shall cause the same to be weighed by a sworn weigher, and a certificate of the weight thereof signed by the weigher shall be delivered to the buyer or his agent at the time of the delivery of the coal." A violation of this provision renders the seller liable to a penalty of thirty dollars. These enactments are equivalent to a prohibition to sell without a compliance with their requisitions. As the evidence stood at the trial, the plaintiff had shown only such a sale as would subject him to the penalty provided by law, on due proceedings had therefor. The court could not allow a recovery on such a state of the proof, without lending its aid to the enforcement of a contract which was *prima facie* illegal which would be contrary to elementary principles. *Miller* v. *Post,* 1 Allen, 434.

The answer did not, strictly speaking, set up any distinct or substantive ground of avoidance of the cause of action. It only stated the specific ground upon which the defendant relied in denial of the plaintiffs' right to recover. This he was bound to do by the requirements of the practice act. Gen. Sts. *c.* 129, §§ 17, 18. Such specific denial is necessary because the general issue is abolished, and the defendant is required to state in his answer, not only matters which, according to the strict rules of special pleading, must be specially pleaded in bar, but also every fact necessary to establish a *prima facie* case for the plaintiff, which he intends to traverse. But the rules of pleading do not change the rules of evidence as to facts which are properly put in issue. Because a defendant is bound to aver in his answer that the plaintiff has no legal cause of action, and to state the specific ground of such

averment, he is not bound to support his averment by proof. The plaintiff is still bound to support his case by proof of a valid claim against the defendant, in like manner as was required when the general issue was allowed to be pleaded. Illegaiity in a contract was always deemed a good defence under the general issue. *Hulet* v. *Stratton,* 5 Cush. 539. *Dixie* v. *Abbott,* 7 Cush. 610. If, for example, it appeared on the plaintiff's evidence that a contract was made on the Sabbath, he could not maintain his action, because the proof of his own case would show that he had violated the law in making the contract which he sought to enforce. So in the case at bar, the evidence which the plaintiff offered, unaccompanied by proof of a compliance with the provisions of the statute, did not show a legal sale.

*Exceptions sustained.**

---

* By *St.* 1863, *c.* 171, it is provided that "the provisions of section one hundred eighty-nine of chapter forty-nine of the General Statutes are hereby so far amended that the certificate shall not be required to be delivered, as therein prescribed, unless the buyer shall request the same."