JOHN BISBEE and others *vs.* MARY McALLEN.

August 28, 1888.

**Weights and Measures—Construction of Statute.**—The provision for a penalty in Gen. St. 1878, c. 21, § 11, for selling or disposing of goods, wares, or merchandise by unsealed and unproved scales or measures, implies a prohibition.

**Same—Sale by Unlawful Measure—Recovery of Price.**—Such sales being in violation of law, no recovery can be had for the price against the purchaser.

**Same—Contract held Illegal.**—The object of the statute is to prevent fraud or imposition, and in such cases, though there be nothing but a penalty, a contract in violation of the statute is void.

Plaintiffs, keepers of a general store at Madelia, in Watonwan county, brought this action in the district court for Blue Earth county on an account for goods sold and delivered between February 1, 1884, and December 2, 1885. The defendant pleaded, among other things, the defence of unsealed weights and measures stated in the opinion. The reply alleged "that there are not and never have been provided by the county sealer of weights and measures, or by any person in said Watonwan county, wherein the plaintiffs all reside, and transact and carry on their business, and wherein all the goods and merchandise set forth in the complaint were sold, any means for the ensealing of weights and measures, and there are not and never have been provided in said county of Watonwan any weights, measures, scales, or beams which have been tried, proved, or sealed by the state standard or certified by the state treasurer; and there are not and never have been any weights, measures, or beams in the keeping of the county treasurer of said county, or any other person in said county, which have been tried, proved, or sealed, certified or stamped, by the state sealer of weights and measures." The reply further alleged that all the goods sold were of the full weight and measure charged therefor, and were bought by defendant with full knowledge that there were no ensealed weights and measures in the county.

A demurrer to the reply was sustained by *Severance, J.*, and the plaintiffs appealed.

*Lorin Cray* and *J. L. Washburn*, for appellants.

*P. A. Foster*, for respondent.

VANDERBURGH, J. The question presented for consideration in this case is raised upon the sufficiency of the second defence set up in the answer, where it appears that the goods alleged to have been sold to the defendant, and for the price of which this action is brought, were sold by weight and measurement, and that such weight and measurement were unlawfully ascertained and fixed by certain unsealed measures, scales, and weights, which had never been proved, tested, or sealed, as required by the statute. Under Gen. St. 1878, *c.* 21, § 11, a sale of goods, wares, and merchandise by any scale-team, steelyard, weight, or measure, not proved and sealed in accordance with the provisions of that chapter, is made a misdemeanor, and subjects the person making such sale to a penalty of not less than five nor more than one hundred dollars. The provision for a penalty in this section implies a prohibition of such sales. That is to say, if goods are sold by weight or measure, the law absolutely requires that the scales or measures used should be approved by the sealer of weights and measures for the county, as the statute provides.

It stands admitted upon the record, then, in this case, that the sale in question here, as made, was prohibited, and in violation of the statute. The weighing or measuring is not a collateral matter, but is directly involved in the act of selling and the contract of sale. It regulates the quantity to be delivered and the amount to be paid. And where the statute has in view the prevention of fraud by the seller, then, though there be nothing but a penalty, a contract which infringes the statute cannot be upheld. *Griffith* v. *Wells*, 3 Denio, 226, and cases; *Lewis* v. *Welch*, 14 N. H. 294. Here the intent of the statute is clearly to prevent sales by unproved and unsealed scales or measures, and its object is undoubtedly to protect the public from fraud or imposition by the use of false or inaccurate balances and measurements. It covers all cases of sales by weight or measure, and this case is clearly within it. The doctrine appears to be too well settled to require extended discussion. *Brackett* v. *Hoyt*, 29 N.

H. 264; *Smith* v. *Arnold*, 106 Mass. 269; *Woods* v. *Armstrong*, 54 Ala. 150, (25 Am. Rep. 671, notes and cases;) *Ingersoll* v. *Randall*, 14 Minn. 304, (400.)   In some cases a remedy has been suggested and recognized outside the prohibited contract. *Pratt* v. *Short*, 79 N. Y. 437, 445.   But no such question is involved in this case.   In respect to defences of this kind, we adopt the language of the court in *Lewis* v. *Welch, supra:* "The objection that the contract is illegal as between the parties is never very creditable to him who makes it. But it is not out of favor to him that the objection is sustained, but from regard to the law.   The advantage he derives from it is altogether accidental."   The supposed hardships of particular cases must yield to the general purposes of the act, and the modification of the law, if any shall be found necessary, must be by the legislature.

Order affirmed.