THE EXPANDED METAL FIREPROOFING COMPANY, Appellee, *vs.* W. D. BOYCE, Appellant.

*Opinion filed February 20, 1908—Rehearing denied April 10, 1908.*

· 1. BUILDING CONTRACTS—*when recovery cannot be had on common counts.* Where a contractor has not procured the architect's final certificate, which the contract requires, a recovery for the balance alleged to be' due cannot be had upon the common counts but only upon a declaration setting out the contract, alleging performance and averring the reason why the architect's certificate was not procured. (*Hart* v. *Carsley Manf. Co.* 221 Ill. 444, followed.)

2. SAME—*when court cannot allow proof of substantial compliance.* In an action, on the common counts alone, to recover the balance due on a building contract requiring the contractor to have a final certificate of the architect, if the court excludes the certificate procured by the plaintiff when it is offered in ˙evidence it is error to allow the plaintiff to prove substantial performance.

3. SAME—*plaintiff must allege a waiver if he relies thereon.* If a building contractor seeking · to recover the balance due on the contract relies upon facts showing a waiver of some material provision of the contract he must allege such facts in his declaration.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES A. BISHOP, Judge, presiding.

This is an action in assumpsit brought by appellee in the circuit court of Cook county, against appellant, to recover for work and labor performed and materials furnished in and about the construction of certain expanded metal and concrete floors and roofs in a paper mill of appellant at Marseilles, Illinois, in 1902, and for the use and hire of a certain engine and mixer. The case was tried on a declaration consisting only of the common counts, to which the general issue was pleaded. On the trial the jury found the issues for the plaintiff and assessed its damages at $4418.75, and also returned special findings that the work was done in a good and workmanlike manner and the ma-

terials furnished were in accordance with the provisions of the contract. The plaintiff remitted the sum of $111.27 and judgment was entered for $4307.48. On appeal to the Appellate Court the judgment was affirmed, and the case is brought here for review.

The written contract upon which this action was based is dated January 18, 1902. Drawings and specifications for the work were made a part by reference. Article 1 of the contract provided that "the contractor, under the direction and to the satisfaction of N. F. Ambursen, architect, acting for the purposes of this contract as agent of the said owner, shall and will provide all materials and perform all the work mentioned in the specifications and shown on the drawings prepared by the said architect," etc. Article 3 provided that no alterations should be made in the work as shown in the drawings and specifications, except upon the written order of the architect, "and when so made the value of the work added or omitted shall be computed by the architects, and the amount so ascertained shall be added or deducted from the contract price," with the further provision that if there was dissent to the architect's finding the question might be left to three disinterested arbitrators to decide. Article 4 provided that if the architect found fault with the work and gave a written notice the contractor should remedy the defects. Article 9 provided that the payments should be made to the contractor for eighty-five per cent of the contract price as the work progressed and final payment be made within thirty days after the contract was fulfilled; that "all payments shall be made upon the written certificate of the architects to the effect that such payments have become due," with the added provision that the owner might retain out of such payments sufficient to indemnify himself against liens or claims against the contractor. Article 10 provided "that no certificate given or payment made under this contract, except the final certificate or final payment, shall be conclusive evidence of the performance of this con-

tract, either wholly or in part, and that no payment shall be construed to be an acceptance of defective work or improper materials." The contract price of the work was $8600.

EDDY, HALEY & WETTEN, (P. C. HALEY, EMIL C. WET-TEN, and HERBERT J. CAMPBELL, of counsel,) for appellant.

FRED H. ATWOOD, FRANK B. PEASE, and CHARLES O. LOUCKS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

On the trial of the case in the circuit court a certificate signed by architect Ambursen was offered in evidence by appellee. There is evidence in the record tending to show that the architect had little, if anything, to do with the work in question during its progress, and it is claimed by appellee that the architect had been discharged by the appellant before the work was performed, but we find no positive evidence in the record of this latter fact. At the time the certificate was obtained it appears that the architect was residing in Watertown, New York, and arrangements were made with him by appellee to come out to Marseilles, examine the work and give his certificate. Under the evidence relating to the securing of this certificate the trial court excluded it, and the Appellate Court held that ruling proper. It is earnestly contended by appellee in this court that both the trial and Appellate Courts erred in this regard. As appellee has not assigned cross-errors, the error, if any, in this regard cannot be raised in this court.

Manifestly, appellee was bound to procure the certificate of the architect showing the performance of the work as provided in the contract and the amount due under it, or show an excuse for not so doing. The chief contention is, that after this certificate was excluded the court erred in permitting appellee to prove, under the common counts, that there had been substantial compliance with the provisions

of the contract as to carrying out the contract and completing the work. We held in *Hart* v. *Carsley Manf. Co.* 221 Ill. 444, that if the architect's certificate in a building contract has not been obtained as therein required, showing the amount due, a recovery cannot be had upon the common counts; that a recovery must be had on the declaration, setting up the contract, the performance as to furnishing materials and doing the work, and stating the reason why the certificate had not been obtained. In *City of Peoria* v. *Construction Co.* 169 Ill. 36, we held that "when work is done under a contract, * * * plaintiff can only recover therefor when he has fully or substantially performed the conditions precedent to his right of recovery as stated in the contract, or else averred and proved a sufficient excuse for his non-compliance with its conditions." In Chitty on Pleadings (vol. 1, 14th Am. ed. star p. 325,) it is stated that "where the matter to be performed is a condition precedent the performance of that matter must be shown, although a third person was to do the act and he unreasonably refuse his concurrence." The same author in the same volume (star p. 326) lays down the rule that in averring an excuse for non-performance plaintiff must state his readiness to perform the act and the particular circumstances which constitute such excuse; that in stating an excuse for non-performance of a condition precedent, plaintiff must, in general, show that the defendant either prevented the performance or rendered it unnecessary by his neglect or by discharging the plaintiff from performance.

In all cases where, under the contract, something is to be done by the plaintiff or some other person, precedent to performance by the defendant, the plaintiff must allege performance of such condition precedent or show some excuse for the non-performance. (2 Ency. of Pl. & Pr. p. 999, and cases cited; Gould's Pl.—5th ed.—p. 67.) When a building contract provides for an architect's certificate, such provision is a condition precedent to a right of recovery, and

the excuse for the non-production of such certificate must be alleged and proved.    (4 Ency. of Pl. & Pr. 643, and cases there cited.)

It has been frequently held by this court that where a contract has been performed and it only remains for the contract price for labor or property to be paid, plaintiff may sue and recover under the common counts, and the special agreement may be read in evidence for the purpose of showing its terms to recover damages.    (*Concord Apartment House Co.* v. *O'Brien,* 228 Ill. 360; *City of Chicago* v. *Chicago and Northwestern Railway Co.* 186 id. 300; *Parmly* v. *Farrar,* 169 id. 606.)    It is therefore insisted by appellee that as the evidence showed that the architect's certificate was waived by the parties, recovery could be had under the common counts without an averment in the declaration of the waiver, if the evidence also showed that the contract was performed and nothing remained to be done but to pay the amount due,—citing in support of this contention, *Foster* v. *McKeown,* 192 Ill. 339; *Evans* v. *Howell,* 211 id. 85; *Chicago and Eastern Illinois Railroad Co.* v. *Moran,* 187 id. 316; *Shepard* v. *Mills,* 173 id. 223; *Keeler* v. *Herr,* 157 id. 57; *Continental Life Ins. Co.* v. *Rogers,* 119 id. 474; *German Fire Ins. Co.* v. *Grunert,* 112 id. 68.    An examination of these cases will show that in the majority of them the question of proving a waiver under the common counts without specially pleading it was not an issue.    In some of them the rule is laid down that when a contract has been performed and nothing remains to be done but to pay the amount, recovery could be had under the common counts, and while there are some general statements in certain of these decisions that tend to uphold the contention of appellee on this question, *Foster* v. *McKeown, supra,* is the only one which holds that when a building contract has been substantially performed, an excuse for failure to procure, as required, the architect's certificate may be shown under the common counts.    We refused to follow this case as an au-

thority on this question in *Hart* v. *Carsley Manf. Co. supra,* stating that it was not in accord with the weight of authority.

Counsel for appellee in this case insist that there is a distinction between waiver and excuse; that an excuse for non-performance is one-sided, while a waiver is two-sided and must be participated in by both parties. It is very clear from the authorities heretofore cited that this distinction is not valid. In the Encyclopedia of Pleading and Practice (vol. 4, p. 631,) it is stated, in discussing this subject, that if the plaintiff intends to rely on facts which show a waiver of performance by the defendant, he must plead such facts; that he cannot plead performance and recover under proof of waiver of performance. (See, also, page 644 of same volume, and authorities cited.)

We think it is clear, by the great weight of authority in this and other jurisdictions, that if the architect's certificate is not obtained, recovery can only be had on a declaration setting up the contract and stating the reason for failure to comply with the condition precedent requiring the furnishing of an architect's certificate. Moreover, we are of the opinion that there is no proof in this record that would justify the conclusion that appellant had waived the procuring of the architect's certificate in question. It is claimed that this was waived because partial payments were made from time to time, under said article 9 of the contract, without the architect's certificate, as required thereby. It is not claimed, however, that more than eighty-five per cent was paid, and so far as we can find there is nothing in the record to indicate that the provision of article 10 as to the final certificate was waived in any manner by the appellant. This being true, under none of the authorities cited would appellee be permitted to make proof under the common counts that the contract had been substantially performed.

Complaint is made of two instructions given for appellee. While we think in some particulars these instructions

233—19

are inaccurate in wording and subject to criticism, we would not be inclined to reverse the case for that cause.

For the errors indicated in permitting the introduction of the proof in question under the common counts, the judgments of the circuit court and Appellate Court will be reversed and the cause will be remanded to the circuit court for further proceedings consistent with the views herein expressed.                    *Reversed and remanded.*