## Max Levin and Meyer W. Goldstein, copartners, trading as Levin & Goldstein, Defendant in Error, v. Herman Strempler, Plaintiff in Error.

### Gen. No. 20,128.

1. Assumpsit, action of, § 23*—*recovery under common counts on completion of contract.* Where a contract has been fully performed by one party and nothing remains but the payment of money by the other, the former may, under the common counts in assumpsit, recover the amount due him.

2. Contracts, § 163*—*when ordinance becomes part of contract.* When a person contracts to do plumbing "according to ordinances of the City of Chicago,"—the ordinances become a part of the agreement as fully as if they were set out therein.

3. Contracts, § 240*—*when presentation of inspection certificate condition precedent to recovery for plumbing.* The presentation of an official inspection certificate is a condition precedent to a recovery for plumbing done under a contract providing that the work should be performed "according to ordinances of the City of Chicago," which required such certificate to be furnished the property owner as soon as the work was completed.

4. Contracts, § 240*—*when failure to furnish inspection certificate of plumbing excused.* Where the plaintiff contracted to do plumbing "according to ordinances of the City of Chicago," which required that an official inspection certificate should be furnished the property owner as soon as the work was completed, failure to do so cannot be excused by showing that two months after the work was finished the property owner refused to permit an official inspection to be made.

5. Contracts, § 381*—*when prevention by contractee of inspection of plumbing may be shown.* The fact that a person for whom plumbing was done under a contract providing that it was to be "according to ordinances of the City of Chicago," refused to permit an official inspection to be made, cannot be shown by the plaintiff in an action to recover for the work, under a statement of claim not averring that the plaintiff was prevented by the defendant from securing such certificate.

6. Contracts, § 240*—*when failure to furnish inspection certificate will defeat recovery for plumbing.* A judgment for the plaintiff for the contract price of plumbing done under a contract which required the work to be performed "according to ordinances of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

City of Chicago" cannot be sustained, where the evidence shows that the official certificate of inspection required by the ordinance was never furnished the defendant.

Error to the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed June 17, 1915.

JULIUS K. GEWEKE, for plaintiff in error.

JUUL & JUUL, for defendants in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

The plaintiffs, Levin and Goldstein, recovered a judgment in the Municipal Court against the defendant, Herman Strempler, for $147, alleged to be due "for plumbing work, labor and materials furnished and performed for the defendant at his special instance and request, on his property."

It appears from the evidence, without dispute, that there was a written contract between the parties, by which the plaintiffs, for a stipulated price of $147, agreed to "put in" two sinks, three water-closets and certain other plumbing for defendant's premises, "all the work to be made according to ordinances of the City of Chicago;" that the plaintiffs began work under this contract in the latter part of June or early in July, 1913, and left it as finished three or four days later, but did not furnish the defendant with a certificate of inspection, as required by the city ordinances. One of the plaintiffs testified that he did all the work specified in the contract, connected the closets with the sewer and "left the work in good condition." He admitted, however, that no inspection was made, or certificate of inspection obtained, and there was evidence tending to prove that about a month after plaintiffs left their work as completed, it was discovered

that the soil pipe put in by them had not been connected with the house drain or sewer, and that consequently, the waste matter was running into a hole in the ground under the house; that the defendant notified one of the plaintiffs that such was the fact, and asked him to complete the work, which he refused to do; that thereupon the defendant hired another plumber, who made the connection at a cost of $18; that in the meantime, plaintiffs had brought suit for the contract price, but discontinued the same for some reason not shown by the evidence; that in September, 1913, one of the plaintiffs and an inspector called at defendant's premises for the purpose of having an inspection made, but they were refused admittance upon the ground that a suit was then pending; that similar attempts to make an inspection were made in October and November, 1913, which were prevented by the defendant for the same reason, whereupon this suit was brought.

In substance and in legal effect, the plaintiffs' statement of claim is a common count in assumpsit for work, labor and materials. The record shows, however, that the plaintiffs offered no evidence whatever as to the value of the work done, but relied entirely upon the written contract, although it is not set out or referred to in the statement of claim. It is a familiar rule in this State that where a contract has been fully performed by one party, and nothing remains to be done but the payment of money by the other, the party who has performed his part of the contract may sue for and recover the amount due under the common counts in assumpsit, using the contract as evidence. *Expanded Metal Fireproofing Co. v. Boyce,* 233 Ill. 284. Apparently, the plaintiffs had this rule in mind when they filed their statement of claim, and also when they tried the case in the Municipal Court; but this rule is subject to the qualification that where the contract requires some act to be performed as a condition precedent to the payment of the contract price—as, for example,

where a building contract provides that the work done and materials furnished shall be paid for upon presentation of an architect's certificate—no recovery can be had *under the common counts,* without proof that such condition has been complied with. *Expanded Metal Fireproofing Co. v. Boyce, supra; Hart v. Carsley Mfg. Co.,* 221 Ill. 444.

The contract in this case requires the work to be done "according to ordinances of the City of Chicago." The city ordinances (which were introduced in evidence) require the plumber, as soon as the plumbing work is completed, "to secure for the owner" a certificate of inspection showing that the work has been "properly inspected and tested" by the city health department. The ordinances also provide how such inspection and test shall be made. These ordinances are as much a part of the contract as if they had been set out in full therein. They constitute an essential element in the due performance of the contract, and the presentation of an official inspection certificate is thereby made a condition precedent to the right of the plaintiffs to recover the amount specified in the contract, and until such condition was performed, no suit brought on the theory that the contract had been fully or substantially performed could be maintained. The plaintiffs did not attempt to show performance in this respect. On the contrary, they proved, *as a part of their case,* that no inspection or test was made at their instance, and that an inspector who examined the premises in August, 1913, upon complaint made to the health department by third parties, found that the soil pipe was *not* connected with the sewer; and yet, notwithstanding these facts, they attempted to excuse their failure to secure a certificate of inspection by showing that more than two months after their work was done, the defendant refused to allow an official inspection to be made.

In *Hart v. Carsley Mfg. Co., supra,* it was said:

"We think there is abundant authority for the rule that when work is done under a contract, as was the case here, the plaintiff can only recover therefor when he has fully or substantially performed the conditions precedent to his right of recovery as stated in the contract, *or else averred and proved* a sufficient excuse for his noncompliance with its conditions." In the same case, it was said, quoting from Coke on Littleton, 304: "Though an excuse for not performing a condition is for some purposes equivalent to performance, yet it is not the same thing, and therefore in pleading, performance must never be averred by a party who relies upon an excuse for not performing, but he must state his excuse."

Under the statement of claim filed in this case, the plaintiffs could only recover upon proof that the conditions precedent specified in the contract had been complied with, or upon proof of the reasonable value of the work actually done. There is no averment, either expressed or implied, in the statement of claim that the plaintiffs were prevented from fully performing the contract by any act of the defendant, and therefore, under the authorities above cited, the evidence to that effect was inadmissible. No objection, however, was made to such evidence, and therefore we have a case where a judgment has been given, under a statement of claim equivalent to the common counts, for the full contract price of work, labor and materials furnished by the plaintiffs, although the proof affirmatively shows that the conditions precedent specified in the contract were not performed, and there is no proof that the contract price represents the reasonable value of work actually performed.

In *Walter Cabinet Co. v. Russell,* 250 Ill. 416, it was said, with reference to statements of claim in the Municipal Court: "The object of the rules requiring statements of claim and of set-off is to inform the parties of the nature of the respective claims, and while the

formalities of pleading have been abolished by statute, it is still the law in the Municipal Court, as in other courts, that a party is limited, in his evidence, to the claim he has made; that he cannot make one claim in his statement and recover upon proof of another without amendment. The issue is made by the statement of claim, and the evidence must be limited by that statement." That case has been followed in the recent case of *Gilman v. Chicago Rys. Co.,* 268 Ill. 305, rev'g 185 Ill. App. 396. It has also been held that the rule thus stated applies as well to suits in equity as to actions at law. *Michaelis v. Wolf,* 136 Ill. 68; *Barney v. Giles,* 120 Ill. 154. It has been often said that "the *allegata* and *probata* must agree, and the latter must support the former." The application of this principle is fatal to the judgment rendered by the Municipal Court.

It is also urged that the finding and judgment are manifestly against the weight of the evidence. As there must be another trial for the reasons above stated, and as an amendment may be filed presenting different issues, we refrain from expressing any opinion upon the weight of the evidence in this case.

The judgment of the Municipal Court will be reversed and the cause remanded.

*Reversed and remanded.*