Bernard Metal, Appellee, v. George D. Gamm, Appellant.

Gen. No. 34,698.

Opinion filed June 15, 1931.  Rehearing denied June 25, 1931.

FRANCIS E. HINCKLEY, for appellant.

BERNSTEIN & GORDON, for appellee; MAXFIELD WEIS-BROD, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

Bernard Metal, as plaintiff, brought suit against George D. Gamm, as defendant, in the municipal court of Chicago, for $2,000, alleged to be due for services rendered to the defendant.  The case was tried before the court, without a jury, resulting in a finding and judgment in favor of plaintiff for $2,000.

The judgment is based upon plaintiff's second amended statement of claim, which alleges in the first paragraph thereof that:

"Plaintiff's claim is for the sum of $2,000 and being for services rendered to the defendant, George D. Gamm, at his special instance and request."  Sub-

sequent portions of the second amended statement of claim further allege an express oral agreement entered into between the parties on August 5, 1926, under which defendant is alleged to have engaged the services of plaintiff in and about effecting an adjustment of a controversy then existing between defendant and one Arthur B. Moloney, arising out of the dissolution of a copartnership then subsisting between Gamm, Moloney and one Thomas K. Valos, and known as Northwestern Extension Realty Company, pursuant to which defendant agreed to pay plaintiff as compensation the sum of $2,000.

Considerable evidence was adduced by both parties with reference to the agreement alleged in the second, third and fourth paragraphs of plaintiff's second amended statement of claim and the services rendered by plaintiff on behalf of defendant. Inasmuch, however, as counsel for defendant states in his brief that: "This court is not asked to weigh the evidence in this case and the point is not made that the plaintiff failed by a preponderance of evidence to establish a disputed question of fact," we are not required to review the evidence appearing in the record, but shall proceed to consider only the questions of law, as applicable to the various contentions of the parties.

Defendant insists that the second amended statement of claim is based on an alleged oral agreement between the parties; that there is no proof of an antecedent agreement of the kind or nature alleged, nor any definite promise to pay money, and no proof of the reasonable value of the services of plaintiff, if any, rendered to defendant. Two legal propositions are stated in defendant's brief and relied upon as grounds for reversal: (1) where a state of facts is found, it is a question of law as to what judgment should follow; (2) where only a special contract is declared on, plaintiff cannot recover upon another contract or upon *quantum meruit*.

With reference to the first contention four cases are cited. These cases apparently have no application to the question before us, however. As to the second proposition, several other cases are cited. They are generally to the effect that there can be no material variance between the contract set forth in the declaration and the evidence adduced in support thereof. This is a sound rule, but is likewise not applicable to the situation here presented.

Plaintiff, on the other hand, contends that the first paragraph of his second amended statement of claim, hereinbefore quoted, is sufficient as an *indebitatus assumpsit* count under the rules of the municipal court, and that a finding and judgment having been made upon this second amended statement of claim, and no question being raised by defendant as to the weight or sufficiency of the evidence, every intendment should be resolved in favor of sustaining the judgment.

With respect to these contentions, it is urged as a rule of law that where a contract has been performed and it only remains for the contract price to be paid, recovery may be had under the common counts or allegations equivalent thereto, such as are contained in the first paragraph of plaintiff's second amended statement of claim. The authorities sustain this proposition.

In *Expanded Metal Fireproofing Co. v. Boyce,* 233 Ill. 284, there was a written contract upon which the action was based. The declaration consisted only of the common counts. The court held that where a contract has been performed and it only remains for the contract price of labor or property to be paid, plaintiff may sue and recover under the common counts, and the special agreement may be read in evidence for the purpose of showing its terms.

The court in the foregoing case cited *Shepard v. Mills,* 173 Ill. 223, which was an action in assumpsit on the common counts. It was there urged that a

recovery could not legally be had without declaring specially on the contract. The court, however, said:

"The law is well settled that where a contract has been performed and nothing remains to be done but pay the amount due under it, a recovery may be had under the common counts" and quoted from *Adlard v. Muldoon,* 45 Ill. 193, holding to like effect.

In *Sands v. Potter,* 165 Ill. 397, action was brought in assumpsit upon a declaration containing only the common counts. In passing on the assignments of error that the trial court should not have allowed the plaintiff to introduce in evidence his special agreement under the declaration, the court said:

"While a contract continues executory the plaintiff must declare specially, but when it has been fully performed on his part, and nothing remains to be done under it except for the defendant to pay, the plaintiff may, at his election, declare generally in *indebitatus assumpsit.* . . . And the stipulated price due on a special contract may be recovered in *indebitatus assumpsit* where the contract has been so completely executed as that only the duty to pay the money remains." (Citing cases.)

As applicable to the instant case, the first paragraph of the second amended statement of claim under the rules of the municipal court is, in substance, a declaration on the common counts in *indebitatus assumpsit,* and would have been sufficient without any further allegations to sustain a finding and judgment for money due upon services rendered by plaintiff for defendant. This conclusion finds further support in the well established doctrine that after judgment all pleadings will be construed liberally in favor of the pleader to sustain the judgment. (*Roumbos v. City of Chicago,* 332 Ill. 70; *Smith v. Rutledge,* 332 Ill. 150.) Since no contention is made as to the weight and sufficiency of the evidence, we are of the opinion that the judgment

may be sustained on the allegations of the first paragraph of the second amended statement of claim.

Several findings of fact and propositions of law were submitted to the court, some of which were allowed and others rejected, and it is argued that there is an inconsistency between the judgment and the findings under several of these propositions. However, the court evidently relied upon the first paragraph of the second amended statement of claim and entered judgment on the theory that these allegations were equivalent to a declaration on the common counts upon an executed contract and sufficient to sustain the judgment. On this theory the judgment is not inconsistent with the court's rulings on the various propositions.

Plaintiff asks that the statutory penalty be imposed on the ground that the appeal herein is prosecuted solely for purposes of delay. The record shows that judgment was entered on March 27, 1930; appeal prayed for and allowed on April 16, 1930; appeal bond filed and approved April 26, 1930; that on May 27, 1930, defendant obtained an extension of time within which to file his bill of exceptions, which was presented to the court and filed on July 2, 1930; that after filing his record in this court, defendant obtained an extension of 60 days within which to file his abstract and brief, and a further extension of 20 days for the same purpose thereafter. While it is true that some delay ensued in praying the appeal, obtaining an extension for filing bill of exceptions in the trial court, and briefs and abstracts here, we do not regard this delay as vexatious within the meaning of the statute, and consequently are not disposed to allow statutory damages.

For the reasons stated the judgment of the trial court will be affirmed.

*Affirmed.*

WILSON, P. J., and HEBEL, J., concur.