**Ideal Building Material Company, Appellee, v. Benson Concrete Company, Appellant.**

**Gen. No. 36,771.**

Opinion filed February 7, 1934. Rehearing denied February 26, 1934.

JAFFE & GREEN, for appellant.

FRANK J. JACOBSON, for appellee; JOHN B. KING, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

Plaintiff brought suit to recover the sum of $2,967.68, for crushed stone, bank sand, torpedo sand and gravel alleged to have been sold and delivered to the defendant in Chicago, Illinois. Defendant filed its affidavit of merits which was stricken by the trial court and the defendant electing to stand on its defense as set out in its affidavit of merits, judgment was entered against it, from which judgment this appeal has been perfected.

The affidavit of defense charges that part of said account was satisfied by the acceptance of a promissory note issued to the defendant by others and indorsed by it to the plaintiff upon which the plaintiff had collected $450; that the defendant was entitled to a discount because of special arrangements; that the defendant returned part of the material to the plaintiff, for which the defendant should receive credit.

Defendant in this court relies entirely upon the proposition that certain ordinances of the City of Chicago were in full force and effect at the time of the delivery of the goods in question, which ordinances were violated by the plaintiff and therefore, as a matter of law, the plaintiff is not entitled to recover.

The Cities and Villages Act, chapter 24, Article V, sec. 55, Cahill's Ill. Rev. St. 1933, ¶ 65 (55), grants to Cities and Villages the right and power "to provide for the inspection and sealing of weights and measures." The ordinances of the City of Chicago in force during the time of the transactions in question and covering sales and deliveries made within the city limits, as charged in the affidavit of merits filed in this cause, provide as follows:

(a) Section 2929 requires that every person using weights for weighing articles intended to be sold, shall do so on scales that have been inspected and sealed by the inspector of weights and measures.

(b) Section 2937 provides that all sales of crushed stone, bank sand, torpedo sand and gravel in wagon load lots shall be weighed on a scale that has been duly inspected and sealed.

(c) Section 2938 provides that in all sales of crushed stone, bank sand, torpedo sand or gravel sold in wagon load lots or less, a written or printed memorandum showing the date of the weighing, gross weight, tare and net weight, the name and address of the seller and purchaser, the number of the wagon or other conveyance and the name of the teamster shall accompany the delivery and be delivered to the purchaser.

Section 2947 provides that every load of any commodity sold in load lots by weight, delivered by wagon or truck shall be weighed by a public weighmaster and his certificate for each load delivered to the purchaser at the time of delivery.

Section 2940 of said ordinances provides for a fine for a violation of any of the foregoing provisions.

Section 2941 provides for a fine for the weighing or measuring of any article on any scale which has not been sealed or for which a certificate has not been obtained from the inspector.

Sections 2957 and 3623 contain other provisions relating to the duty of the seller of commodities of the class and character enumerated in plaintiff's statement of claim.

The affidavit of merits charges that all of the sales and deliveries of the materials set forth in the statement of claim were made in the City of Chicago in wagon load lots according to weights and without any compliance with the aforesaid ordinances.

Defendant relies upon the fact that a violation of these ordinances is subject to a penalty and, therefore, such ordinance has the same binding effect as the statute and unless observed precludes a right of recovery.

Under the Cities and Villages Act the power was granted to the City of Chicago, by its city council, to pass ordinances providing for and regulating the inspection and sealing of weights and measures. The ordinances in question were passed pursuant to this power and have been in full force and effect in Chicago for a number of years. Where an ordinance is passed by a city council, within the legislative power conferred by the legislature, it has the same force and effect within the corporate limits as a law passed by the State legislature. *Hope v. City of Alton*, 214 Ill. 102.

The purchase and sale of the materials and commodities in this case were made in accordance with the ordinances in effect in the City of Chicago and they thereby became and were incorporated as a matter of law in the purchase and sale agreement. The ordinary purchaser of commodities and material has no means of ascertaining the real weight of such commodities and material when delivered in wagon lots and is com-

pelled to rely upon the honesty and integrity of the vendor. It is for that reason that cities have recognized this fact and have endeavored to protect its inhabitants by requiring the vendor to first weigh said articles upon a scale inspected by the city and to furnish to the purchaser or vendee a certificate of that fact, together with a written statement as to the actual gross and net weight of the commodity or material sold. It is with a full reliance on that provision of the ordinance that people accept material which is delivered in wagon lots or in other large quantities. It is a question of important public policy that the vendee be protected to the full extent of the law and the vendor made to observe it in every respect. The fact that there is a penalty attached to illegal transactions is not in itself sufficient ofttimes to prevent the attempt of a vendor to over-reach his vendee. A delivery of material such as is designated in the ordinances and without observance of the regulatory measures passed by the city council is illegal and such agreement and deliveries so made in violation of law have repeatedly been held to vitiate the contract and preclude a recovery. Such an interpretation of the law also lends to its enforcement and strengthens its purpose. Vendors of such materials might evade the penalty provided for by ordinance, but would be less liable to resort to a violation of the regulatory measures if the risk of recovery in an action at law for the recovery of the purchase price was prohibited. This rule is recognized in the Restatement of the Law of Contracts, Vol. II, sec. 580, p. 1087, which follows:

"BARGAIN AND VIOLATION OF A STATUTE.

"1. Any bargain is illegal if either the formation or the performance thereof is prohibited by constitution or statute.

"2. Legislative intent to prohibit the formation of a bargain, or an act essential for its performance, may be manifested by

(a) express prohibition, or

(b) making the formation of the bargain or the performance thereof a crime, or

(c) imposing a penalty . . ., or

(d) requiring a license, inspection, or something similar from persons making such bargains or doing acts essential for their performance, . . ."

Example of void contract:

"Illustrations of Clause (c):

"4. A sells goods to B by weight, using weights that have not been sealed. A statute imposes a penalty for selling goods by such weights. The sale is illegal, and the price cannot be recovered."

The transaction involved in this proceeding comes within the interpretation set out in the Restatement of the Law of Contracts and, under that interpretation the entire proceeding alleged here would be illegal. It was in violation of an ordinance which imposed a penalty and it comes within the illustration of clause (c), as goods sold by the use of weights not sealed. This rule has been recognized in a long line of decisions. *Levin v. Strempler,* 194 Ill. App. 299; *International Coal & Mining Co. v. Industrial Commission,* 293 Ill. 524; *Ellison v. Adams Express Co.,* 245 Ill. 410; 6 Ruling Case Law, page 699, par. 105; *Union Nat. Bank v. Louisville, N. A. & C. R. Co.,* 145 Ill. 208; *Gammon Co. v. Standard Trust & Savings Bank,* 327 Ill. 489; *Keenan v. Tuma Bros.,* 240 Ill. App. 448; *American Tank & Installation Co. v. Rudolph Wurlitzer Co.,* 254 Ill. App. 514.

A case very much in point is *Cundell v. Dawson,* 136 Eng. Rep. 552 (Common Pleas Book 14). This was an action to recover the purchase price of coal sold and delivered to the defendant. At the time of the sale

there was in existence a statute which required the seller of coal in a certain amount delivered in wagons within the City of London, to deliver to the purchaser on delivery a ticket according to the form prescribed and upon failure so to do the seller to pay a fine. It was held in that case that the neglect of the plaintiff to deliver a ticket was a bar to an action for the price of the coal. The court in its opinion said:

"The statutes which have given rise to the question of the right to recover the price of goods by sellers or vendors who have not complied with the terms of such statutes, are of two classes,—the one class of the statutes having for their object the raising and protection of the revenue,—the other class of statutes being directed either to the protection of buyers and consumers, or to some object of public policy. The present case arises upon a statute included in the latter class.

. . . . .

"It is obvious, from the contents of the statute, that its provisions are directed to the purpose before mentioned, viz., to secure the purchasers of coals from fraud in respect of quantity and quality of the coals; and that the delivery of the ticket is required as a part of the means for the attainment of that object; and that such was the object of the statute, was determined in the case of *Little v. Pool* (9 B. & C. 192)."

The general rule appears to be that any act forbidden by statutory law, if passed for the protection of the public and which provides for a penalty, cannot be the foundation of a valid contract. It is not essential that the act provided directly that such agreement be void, but it becomes so by reason of the fact that it is in violation of a prohibited act and is, therefore, illegal and unenforceable in and of itself. An act may be rendered illegal either by express prohibition or the imposition of a penalty as in the case at bar.

The municipal court erred in striking defendant's affidavit of merits and entering judgment, and for the reasons expressed in this opinion the judgment is reversed and the cause is remanded with directions to proceed in accordance with the views herein expressed.

*Judgment reversed and cause remanded with directions.*

HALL, P. J., and HEBEL, J., concur.