SMITH FERTILIZER AND GRAIN
COMPANY, Appellee,

v.

Brian WALES and Raymond
Wales, Appellants,

and

John Wales and Robert
Wales, Defendants.

No. 88–1862.

Supreme Court of Iowa.

Jan. 24, 1990.

William L. Shelton and Richard L. Ambelang, Chariton, for appellants.

Steven W. Guiter of Johnston, Hicks & Guiter, Knoxville, for appellee.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

Purchasers of bulk fertilizer appeal from orders of the district court rejecting their contention that seller's action on account is barred under Iowa Code section 189.30 (1989) as a result of seller's statutory violations concerning weighing and issuance of scale tickets. Upon consideration of their arguments, we reverse the judgment of the district court.

In the spring of 1986, the farm partnership of defendants Brian and Ray Wales obtained bulk fertilizer from the plaintiff, Smith Fertilizer and Grain Company, along with other items purchased on account. When the plaintiff sued defendants for the unpaid balance of that account, defendants raised, by way of affirmative defense and counterclaim, alleged statutory violations of the plaintiff with respect to weighing the bulk commodity and failure to deliver copies of the scale tickets to the purchasers. Defendants urge that these violations constitute a bar to maintaining plaintiff's action by reason of Iowa Code section 189.-30, which provides:

> No action shall be maintained in any of the courts of the state upon any contract or sale made in violation of or with the intent to violate any provision of this title by one who was knowingly a party thereto.

(Emphasis added.)

In response to a motion to adjudicate law points under Iowa Rule of Civil Procedure 105, Judge Dale Hagen ruled:

> Section 189.30 is a bar to any action brought upon any contract or sale made in violation of Title X of the Iowa Code or with the intent to violate any provision of Title X by a party who has knowledge of such violation. A party must have had knowledge of such violation at the time of the contract of sale to be barred from bringing an action under this Section.

The action was ultimately tried by Judge Peter A. Keller. He interpreted Judge Hagen's ruling under rule 105 as establishing that the persons responsible for plaintiff's violations of Title X of the Iowa Code must have known that their actions violated the

law for the bar of section 189.30 to apply. He found on the evidence presented that plaintiff (presumably its officers and employees) did not know that it was violating any laws concerning weighing of the fertilizer during the course of the transactions in question. He concluded that under Judge Hagen's ruling this finding rendered the bar provisions of the statute inapplicable.

Although statutes similar to section 189.30 have existed in this state for more than 100 years, this is our first occasion to consider the extent of their application. In seeking to bar plaintiff's claim, defendants urge that failure to comply with statutory weight requirements makes the sale contract void under decisions such as *Libby v. Downey*, 87 Mass. (5 Allen) 299 (1862); *Miller v. Post*, 83 Mass. (1 Allen) 434 (1861); and *Bisbee v. McAllen*, 39 Minn. 143, 39 N.W. 299 (1888). In *Miller v. Post* the court stated:

> The English decisions are numerous and clear, which establish the doctrine that, where a contract is made in a manner prohibited by statute passed for the protection of a buyer, no action can be maintained upon it; and that, where the statute directs the mode in which the contract shall be made, not following the direction is equivalent to disobeying a prohibition. And if the statute imposes a penalty upon the act done, this will make the contract void in like manner as if it were in terms prohibited, because a penalty implies a prohibition.

83 Mass (1 Allen) at 435.

In a case similar to the one at hand, *Bisbee v. McAllen*, 39 Minn. 143, 39 N.W. 299 (1888), the Minnesota Supreme Court looked at the violation of statutory provisions dealing with weights and measures. Like *Miller v. Post*, the court stated that provision for the penalty in the statute implied a prohibition of such sales. *Id.* at 144, 39 N.W. at 300. The *Bisbee* court stated:

> The weighing or measuring is not a collateral matter, but is directly involved in the act of selling and the contract of sale. It regulates the quantity to be delivered and the amount to be paid. And where the statute has in view the prevention of fraud by the seller, then, though there be nothing but a penalty, a contract which infringes the statute cannot be upheld.... Here the intent of the statute is to clearly prevent sales by unproved and unsealed scales or measure, and its object is undoubtedly to protect the public from fraud or imposition by the use of false or inaccurate balances and measurements.

*Id.* (citations omitted).

Similarly, in *Ideal Building Material Co. v. Benson Concrete Co.*, 273 Ill.App. 519 (1934), the Illinois court dealt with violation of statutes regulating weights and measures. Relying on the Restatement of Contracts section 580 (1932), the court found that a transaction in violation of an ordinance which imposed a penalty would be illegal. 273 Ill.App. at 523–24. The Illinois court concluded that

> [t]he general rule appears to be that any act forbidden by statutory law, if passed for the protection of the public and which provides for a penalty, cannot be the foundation of a valid contract. It is not essential that the act provided directly that such agreement be void, but it becomes so by reason of the fact that it is in violation of a prohibited act and is, therefore, illegal and unenforceable in and of itself.

*Id.* at 525.

The thrust of the foregoing authorities is that contracts in violation of regulatory statutes may be unenforceable under general contract law. This is recognized in section 178 of Restatement (Second) of Contracts (1981). This section of the Restatement lists those matters which should be considered under general contract law in determining whether enforceability should be refused. It recognizes, however, that, where the regulatory statute itself denies enforceability of the bargain, the statute will control and not general contract law. Thus, comment *a* accompanying section 178 states:

> Occasionally, on grounds of public policy, legislation provides that specified kinds

of promises or other terms are unenforceable. Whether such legislation is valid and applicable to the particular term in dispute is beyond the scope of this Restatement. *Assuming that it is, the court is bound to carry out the legislative mandate with respect to the enforceability of the term.*

(Emphasis added.)

While both parties argue the issue in terms of the effect of illegality under general contract law, we think the result turns on the narrower aspect of deciding precisely what is provided in section 189.30. With respect to the bar aspect of section 189.30, we believe it is intended to preclude actions on sales or other contracts in which the seller is shown to have violated some provision in Title X of the Iowa Code which is an integral part of the sales agreement. We are not suggesting that all of the several regulatory provision in that title are sufficiently related to a sale of goods that violation thereof will bar recovery of the price. The violations found to exist in the present case, however, were of this type and should be expected to trigger the statutory sanction.[1]

With respect to the guilty knowledge requirement upon which the district court's ruling was based, we have recognized in other contexts that persons ordinarily should not escape the legal consequences of failing to observe statutory requirements by asserting ignorance of the law. *See Diehl v. Diehl,* 421 N.W.2d 884, 888 (Iowa 1988). Section 180 of Restatement (Second) of Contracts (1981) suggests that excusable ignorance should be limited to situations where the violation relates to a technical regulation not widely known by the persons whose activities it affects. We cannot accept the district court's conclusion that a vendor whose activities are regulated by law may escape the consequences of section 189.30 by claiming ignorance of those laws which have for many years governed its usual and ordinary business activities.

The district court's orders suggest that the element of scienter must be observed because of the language in the statute referring to "one who is knowingly a party thereto." Plaintiff urges us to apply this language so as to uphold the district court's orders. We are unable to read the statute in this manner. The statutory language which most aptly describes the conduct giving rise to the bar is found in the words "made in violation of *or* with the intent to violate" any of the applicable regulatory statutes. (Emphasis added.) The use of the disjunctive suggests that the legislature intended the bar to apply both to violations in fact and intended violations. The words "knowingly a party thereto" refer, we believe, to knowingly being a party to the conduct which violated the law.

The district court's conclusions that plaintiff could avoid the proscriptions of section 189.30 by claiming ignorance of the law requires a reversal of the judgment. Because of Judge Keller's interpretation of Judge Hagen's ruling under rule 105, he did not make specific findings as to whether the plaintiff acted "with the intent to violate any provisions" of the Title and whether its conduct was "knowingly" carried out in terms of a knowing participation in those activities which violated the law. To establish the requisite intent under section 189.30, it is not necessary to show that the plaintiff knew of the specific prohibitions of that statute, only that it intended to do the acts which are prohibited by it. Consequently, it is necessary to remand the case to the district court for additional findings of fact on the present record which, consistent with this opinion, permit the court to correctly apply section 189.30.

---

1. The trial court determined that the hopper scale used by plaintiff in weighing the bulk fertilizer was a "public scale" within the definition of Iowa Code § 214.1 and that plaintiff derived compensation by selling fertilizer using this scale. The court found that Smith Fertilizer violated Title X by using an uncertified and unlicensed hopper scale contrary to § 214.2 and § 215.14. It further found that, contrary to § 212.2, no duplicate weight tickets were issued for the delivered product. The statutory requirements found to have been violated were, we believe, an integral part of a bulk sale of fertilizer by weight.

The judgment is reversed and the case remanded for that purpose.

REVERSED AND REMANDED.