GIBSON ELEVATOR, INC., Appellant,

v.

Lyle MOLYNEUX, Larry Molyneux, John Molyneux, and Alan Molyneux d/b/a Molyneux & Sons, Inc. and Lyle G. Molyneux & Sons, Inc., Appellees.

No. 02–0612.

Supreme Court of Iowa.

Sept. 4, 2003.

Greg A. Life of Life Law Office, Oskaloosa, and Steven W. Guiter of Johnston, Hicks, Guiter & Griffin, Knoxville, for appellant.

Robert N. Downer of Meardon, Sueppel, Downer & Hayes, P.L.C., Iowa City, for appellees Lyle Molyneux, John Molyneux & Alan Molyneux d/b/a Molyneux & Sons, and Lyle G. Molyneux & Sons, Inc.

Roger W. Sunleaf of McNeil & Sunleaf, Montezuma, for appellee Larry Molyneux.

LARSON, Justice.

The plaintiff, Gibson Elevator, Inc., buys and sells farm-related products in Gibson, Iowa. The defendants and their corporation (collectively Molyneux) were custom-

ers who sold grain to the elevator and purchased grain, feed, and other farm-related products from it. The Molyneux account became delinquent, and the elevator filed suit to collect. Molyneux defended on several grounds, including violations of a statute regarding sales based on an elevator's weighing products in excess of its scale's certification (Iowa Code § 215.16 (2001)) and its failure to provide duplicate delivery tickets (Iowa Code § 212.2). These violations, Molyneux argues, render the Molyneux account void in its entirety, relying on Iowa Code section 189.30 (1999) (providing no action shall be maintained for sale made in violation of any agricultural statutes). *See Smith Fertilizer & Grain Co. v. Wales,* 450 N.W.2d 814, 816 (Iowa 1990) (fertilizer seller's violation of statute voided action for collection).

The district court ruled that the elevator had violated both of these statutes, and under Iowa Code section 189.30, its claim against Molyneux was void. The court dismissed the elevator's claim in its entirety, even those portions of the account that did not involve violations of either of the statutes. Because we conclude the court erred in finding violations of section 212.2 (delivery tickets) and its application of the sanctions of section 189.30, we reverse and remand.

## I. *Facts and Prior Proceedings.*

Molyneux did not raise violations of sections 212.2 or 215.16 or the sanction of section 189.30 in its initial answer. However, approximately a month before trial, Molyneux amended its answer to add an affirmative defense, claiming that weights on some of the grain tickets established that the elevator was weighing in excess of its certified limit in violation of section 215.16. At trial Molyneux moved for dismissal on the ground that the elevator failed, pursuant to section 212.2, to leave

duplicate sales tickets with Molyneux. The district court, relying on section 189.30, dismissed the elevator's claim in its entirety, based on both the elevator's failure to deliver copies of the sales tickets and using the scale beyond its certified capacity.

## II. *The Issues.*

■ Iowa Code section 189.30 provides severe consequences for violation of agriculture-related statutes. *See Smith Fertilizer,* 450 N.W.2d at 816. Section 189.30 provides:

**Contracts invalid.**

No action shall be maintained in any of the courts of the state upon any contract or sale made in violation of or with the intent to violate any provision of this subtitle* by one who was knowingly a party thereto.

"Subtitle," as used in section 189.30, refers to Iowa Code title V, subtitle 4: "Agriculture–Related Products And Activities," and it includes chapters 189 to 215A, excluding certain chapters not relevant here. It includes both the sections claimed to have been violated by this plaintiff-sections 212.2 and 216.16.

Section 212.2 states:

**Delivery tickets required.**

No person shall deliver any bulk commodities, other than liquids, by vehicle unless otherwise provided for without each such delivery being accompanied by duplicate delivery tickets, on each of which shall be written in ink or other indelible substance the actual weight distinctly expressed in pounds or kilograms of the gross weight of the load, the tare of the delivery vehicle, and the net amount in weight of the commodity or, if the commodity is weighed by hopper scale or belt conveyor, the net weight of the commodity expressed in pounds or kilograms without expression of the tare of the delivery vehicle or the

gross weight of the load. The delivery ticket shall display the names of the purchaser and the dealer from whom purchased.

Although a Code section was not cited specifically by the district court, it found that the scale had been used beyond its certified weight. The relevant Code section is 215.16, which provides:

**Weighing beyond capacity.**

It shall be unlawful for any person, firm, or corporation to use such a scale for weighing commodities the gross weight of which is greater than the factory rated scale capacity. The capacity of the scale shall be stamped by the manufacturer on each weigh beam or dial. The capacity of the scale shall be posted so as to be visible to the public.

Even assuming it had violated section 215.16, the elevator contends the trial court erred in using section 189.30 as a bar to recovery because that section was not raised as an affirmative defense. It relies in part on Iowa Rule of Civil Procedure 1.419 (formerly rule 86), which provides:

**Defenses to be specially pleaded.** Any defense that a contract or writing sued on is void or voidable, or was delivered in escrow, or which alleges any matter in justification, excuse, release or discharge, or which admits the facts of the adverse pleading but seeks to avoid their legal effect, must be specially pleaded.

Molyneux contends it raised the issue of voidness under section 189.30 by stating this in its amended answer:

For further answer, ... Defendant denies the following entries on [the attachment to the petition] ... for the reason that said entries affirmatively establish weights in excess of the weights for which Plaintiff's scale has been licensed under the laws of the state of Iowa.

This amendment requested that the petition be dismissed. It did not cite section 189.30 (voidness of claim based on prohibited acts), but we have held citation to Code sections is not required if the gist of the claim may be determined. *See Davis v. Crook,* 261 N.W.2d 500, 505 (Iowa 1978). We hold the issue of voidness under section 189.30, based on the excess-weight violation, was at least minimally raised by the defendant.

■ The issue of the plaintiff's failure to leave duplicate tickets under section 212.2, however, is another matter. Molyneux did not raise this issue prior to trial in any pleading or amended pleading. It first raised it in a motion to dismiss at the close of the plaintiff's evidence. The defendant's reliance on section 212.2 as a basis for voiding the plaintiff's claims is an affirmative defense under rule 1.419 and therefore must be "specially pleaded." We have said that a motion attacking the sufficiency of an opponent's case does not qualify as a special pleading. *See Bond v. Cedar Rapids Tel. Co.,* 518 N.W.2d 352, 355 (Iowa 1994) (motion for directed verdict or motion for judgment notwithstanding the verdict insufficient to raise issue).

■ Molyneux argues that, even if it failed to raise the delivery-ticket issue in a pleading, the issue was properly before the court because it was tried by consent.

When a party introduces evidence without objection on an issue not raised by the pleadings, the court considers the matter tried by consent and properly in the case. Consent will not be found, however, where the evidence was also admissible on a different issue that *was* raised by the pleadings. That is because a party cannot be expected to object to evidence on the basis that it goes to an issue not raised in the pleadings when the evidence is otherwise ad-

missible on an issue properly raised. Additionally, when evidence is relevant to an issue properly in the case, its introduction would not signal to the opposing party that a new issue is being tried.

*Dutcher v. Randall Foods,* 546 N.W.2d 889, 893 (Iowa 1996) (citations omitted).

The evidence concerning the plaintiff's failure to furnish delivery tickets was relevant on the issue of whether the defendant had received the goods, and in what quantities. These were all disputed issues in the case. The plaintiff's failure to object to this delivery-ticket evidence, we believe, cannot reasonably be interpreted as its consent to try the issue of a section 189.30 bar to recovery as to the entire account. We conclude the delivery-ticket issue was not tried by consent. Because it was not pled, it has been waived.

### III. *Disposition.*

█ The plaintiff's last point challenges the breadth of the district court's remedy, which voided the plaintiff's entire claim— even as to those items that did not involve scale weights or delivery tickets. Some of the items sold were bagged feed (sold by the bag and not by scale weight), as well as veterinary supplies and other products. Some of the products had been picked up by Molyneux, and some had been weighed on scales other than Gibson's.

Section 189.30 prohibits recovery for "any sale made in violation of" statute. It does not void an entire account simply because sales that were made in violation of a statute are a part of the account. Under the district court's ruling, the entire account was voided, and this was error. We therefore reverse and remand for a new hearing on the record already made to determine the amount to which the plaintiff is entitled after deduction of claims based on any illegal scale weights. Be-

cause the delivery-ticket issue has been waived, the court shall not consider it. The plaintiff, of course, has the burden of proof on its claim. As a part of that claim, the plaintiff must prove the defendant received the products. The defendant has the burden to prove its affirmative defense that the elevator violated section 215.16 by weighing in excess of its certification.

**REVERSED AND REMANDED.**