LEHIGH COAL & IRON CO. *vs.* AUGUSTUS R. CAPEHART.

Argued April 29, 1892. Decided May 16, 1892.

**St. Paul Ordinance Construed.**—Section one, (1,) relating to the weighing of coal and hay in the city of St. Paul, of Ordinance No. 17, examined and construed.

Appeal by defendant, Augustus R. Capehart, from a judgment of the District Court of Ramsey county, *Kelly,* J., entered June 22, 1891.

Between June 1 and August 18, 1890, the plaintiff, the Lehigh Coal & Iron Company, a corporation, sold and delivered to defendant, at the Clifton Hotel, St. Paul, one hundred and forty-seven tons of coal, of various grades, at the agreed price of $629.35. This action was to recover pay for it. The coal was weighed upon plaintiff's sealed scales on its premises. Defendant was not present at the weighing. He never signified any desire to be present. It was not weighed by any weigh master of the city. There was no such officer in the city that year. The Common Council did not appoint one. Ordinance No. 17, § 1, reads as follows:

"Each and every person, firm, or corporation engaged in the business of selling coal or hay in the city of St. Paul, to be delivered within the said city, shall either produce and deliver to the purchaser, at the time of delivery of coal or hay purchased, a certificate signed by a weigher, duly appointed under the charter and ordinances of said city, showing the weight of the coal or hay delivered, or the seller of said coal or hay shall, at the time and place of delivery thereof, weigh, or cause to be weighed, the coal or hay so delivered, which weighing shall be done in the presence of the purchaser or his agent, if the said purchaser so desire, or see fit to be present."

*J. C. & W. H. Michael,* for appellant.

*Williams, Goodenow & Stanton,* for respondent.

COLLINS, J. From the certificate of the district judge, who tried the issues herein without a jury, appended to the settled case, it ap-

pears (for he so states) that it does *not* contain all of the evidence produced upon the trial. There is nothing in the certificate which would indicate what was omitted, and while an attempt was made, through the stipulation of the attorneys, to add certain exhibits to the "case," it nowhere appears that, with these attached, all of the testimony on which the trial court made its findings is before us. We must therefore decline to examine appellant's claim that the findings of fact are not supported by the evidence.

As a defense, appellant relied, in part, upon the provisions of section one (1) of the city ordinance, numbered seventeen, (17,) and on the case of *Bisbee* v. *McAllen*, 39 Minn. 143, (39 N. W. Rep. 299.) In section four (4) of the ordinance it was made the duty of the common council to appoint a sufficient number of weighers, but this requirement had not been observed, and the court found that there were no persons invested by the council with authority to weigh the commodity in question, and issue certificates, as provided in section one, (1.) But this is of no consequence in this case, for it will be noticed that the dealer in coal may do either of two things under the ordinance. He may cause his coal to be weighed by the city official, or he may weigh it himself, giving the purchaser or his agent an opportunity to be present, if the opportunity be desired by them. Under the plain terms of the ordinance, assuming that weighers had been designated by the council, it would be optional with the dealer to cause the weight of his coal to be ascertained by a city official, as the same was sold and delivered, or to learn the weight of the same himself, in the usual manner and upon proper scales. If the goods are turned over to the city official for weighing, his certificate must be produced and delivered to the purchaser. If, upon the other hand, the weight is to be ascertained by the dealer, he cannot exclude the purchaser or his agent from witnessing the act of weighing, if they choose to be present. They may do as they please in the matter.

The court below expressly found that the coal in question was weighed upon plaintiff's scales situated upon its premises in the city, the scales having been duly sealed as required by the statute. It was further found that the defendant was not present when the

weight was ascertained, personally or by agent, and that at no time had he signified any desire to be present. If defendant wished to witness the act, the right was his, as provided for in the ordinance, but it was not the plaintiff's duty to invite or urge him to attend, or to see that he was present.

The coal in question was not sold in violation of law, but in strict compliance, according to the findings, with the provisions of the ordinance. The case of *Bisbee* v. *McAllen, supra,* is not in point.

Judgment affirmed.

(Opinion published 52 N. W. Rep. 142.)