STATE JOHN A. TYSON.

*Indictment for Violating Town Ordinance—The Code—*
*Penalty— Cotton-weigher.*

A town ordinance providing that the commissioners shall elect a cotton-
weigher who shall receive eight cents compensation for every bale
weighed by him, one-half to be paid by the buyer and the other
by the seller, and prescribing a penalty for buying or selling in
the corporate limits without having it weighed by such cotton-
weigher, is a valid and reasonable regulation.

This was an INDICTMENT for violating a town ordinance,
tried at the Spring Term, 1892, of STANLY Superior Court,
before *McIver, J.*

The facts are stated in the opinion.

*The Attorney General,* for the State.
*Messrs. Brown & Jerome* (by brief), for defendant.

BURWELL, J.: The defendant has appealed to this Court
from the judgment of the Superior Court of Stanly County,
which declared that he was guilty of the violation of an
ordinance of the town of Norwood, in said county.

This criminal action was begun before the Mayor of the
town of Norwood, and was carried, by appeal of defendant,
to the Superior Court.    The ordinance, with the violation of
which the defendant is charged, provides that the commis-
sioners of the town shall elect annually a cotton-weigher,
and that he shall receive, as compensation for each bale of
cotton weighed, eight cents, " one-half to be paid by the seller
and one-half by the buyer," and that " any person who
shall buy or sell any bale of cotton within the corporate lim-
its of the town of Norwood shall have the same weighed by

the cotton-weigher." The ordinance provides penalties for its violation.

The counsel for the defendant contend that the ordinance is void, the commissioners of the town of Norwood having no power to adopt or enforce such a regulation, and upon this contention alone they put their argument for a new trial.

We think this ordinance a valid one. By chapter 217 of the Laws of 1891 the town of Norwood, which had been incorporated by chapter 18 of the Private Laws of 1881, was "invested with all the power, duties and obligations and authority conferred in chapter 62 of *The Code*," while, by section 6 of the act of incorporation mentioned above, the commissioners were given power "to pass by-laws, rules and regulations for the good government of the town not, inconsistent with the laws of the State."

*The Code*, § 3801, enacts that towns "may establish and regulate their markets, and prescribe at what place within the corporation shall be sold marketable things."

Under the authority conferred upon them by these acts, the commissioners had the power to adopt the ordinance in question, and to require that all baled cotton, a marketable thing, should be sold and bought within the corporate limits only when weighed by an agent of the town, elected or appointed for that purpose. Such a regulation would not, in any sense, tend to the restraining of trade in this particular marketable thing, but rather to the encouragement of it, by thus providing for the buyer and seller of this article, a weigher selected by the officers of the town, subject to their order, and always acting under the authority of citizens interested in promoting the trade of the town.

Nor does the provision of the ordinance requiring a fee of eight cents for each bale of cotton weighed by him to be paid to the weigher, one-half by the seller and one-half by the buyer, render it void. This exaction is in no sense a tax, but is a market fee, and a reasonable one, which the com-

missioners were authorized to impose.    This is a proper mode of providing for the compensation of the weigher, and the payment of any expense incidental to this regulating of the market.    *State* v. *Bean*, 91 N. C., 554.    The judgment therefore is

Affirmed.