The complaint alleges that the defendant, who is a married man, seduced the plaintiff when she was fourteen years of age, and has begotten three children by her; that during such cohabitation, in response to her repeated requests for assistance for herself and children, she then being again with child by him and disclosing her purpose to appeal to the bastardy law if refused, the defendant promised that if she would not institute such proceeding he would provide her "with money and necessaries for the support of herself and children, begotten by him, and for the expenses of her sickness and lying in, and for her maintenance when she was unable to work. These promises he continued to make and renew from time to time to the plaintiff, (152) and to her father for her, and by means of his said promises, all of which were based upon their relations and the results thereof, and without stipulation or reference to any future cohabitation, she was induced to refrain from making application to the Court under the provisions of the bastardy law or to bring any action against him." The complaint further alleges that the defendant has broken his oft repeated and solemn promises and removed to Virginia, leaving her, and his children by her, destitute and unprovided for, and asks for the recovery of *Page 138 
damages sustained from the breach of the defendant's promises. The defendant demurred, on the ground:
"1. That this is a proceeding in bastardy, and a justice of the peace has exclusive original jurisdiction." This is not a bastardy proceeding, but it is an action for damages from a breach of promise made upon good and valid consideration. Bastardy proceeding would not be a feasible remedy, for the defendant has removed from the State. Besides, the plaintiff sues for breach of a promise and asks damages beyond the jurisdiction of a justice of the peace.
"2. That the action being based upon a promise not to institute bastardy proceedings is illegal and void and against public policy." Bastardy proceedings are civil, not criminal, in their nature (S. v. Liles,134 N.C. 735), and an agreement not to resort to or to discontinue such proceeding is `a good consideration for a pecuniary settlement or compromise.' 9 Cyc., 510.
"3. That the alleged cause of action is based upon an immoral and illegal contract, and is therefore void as against public policy." It is true that a contract for future cohabitation is immoral and void, as against public policy. But a contract in consideration of past cohabitation to support the mother and children is in the nature of reparation, as far as it goes, and to be commended. It is neither void (153) nor immoral, even though the illegal cohabitation continues, if there is no stipulation for future cohabitation. Brown v. Kinsey,81 N.C. 245, and cases there cited.
It would be infinitely more to the credit of the defendant that he should provide for the victim of his lust and the innocent children of whom he has become the father, and should keep them from suffering and from becoming a charge upon the taxpayers, than that he should remove to another State, leaving her and his children in destitution, and, when sued for breach of his promise, should plead his own immorality and violation of law as a defense.
The defendant was under a natural obligation to support his illegitimate offspring (Kimbrough v. Davis, 16 N.C. 74), and maintain the plaintiff in her sickness, which he had caused. This obligation the law not only recognizes, but enforces it in bastardy proceedings. It can not be immoral for the defendant to promise to do his natural and legal duty by the plaintiff and his illegitimate offspring. He presents a very sorry spectacle in pleading to be released from liability on the ground that such promise is immoral and against public policy. He has been immoral, but not in promising to provide for the support of his victim and his children. It is in furtherance of, not against, public policy that *Page 139 
provision for them should be made by him and the burden not be cast upon the taxpayers. Brown v. Kinsey, supra, is exactly in point. Corbett v.Clute, 137 N.C. 546, which holds that a bond given as consideration for the suppression of a criminal prosecution is null and void, has no application. The execution of public justice can not be stayed by the payment of money or by any private arrangement. But bastardy proceedings are not in the enforcement of punishment. It is a quasi civil remedy for the sole purpose of providing support for the woman and child and to save the taxpayers from that expense. S. v. Liles, 134 N.C. 735. The judgment overruling the demurrer is
Affirmed.