## OKLAHOMA CITY *et al.* v. COLT.

No. 4812.  Opinion Filed December 16, 1913.

(137 Pac. 359.)

**WEIGHTS AND MEASURES—Municipal Scales.** A municipality with a population of more than 2,000 inhabitants, existing under a charter framed for its own government under sections 3a and 3b, art. 18 (sections 329 and 330, Williams' Ann. Ed.), of the Constitution of this state, may install municipal scales, appoint a municipal weighmaster therefor, and place him in charge thereof, for the purpose of weighing cotton, grain, live stock, cotton seed, hay, coal, wood, broom corn, and such other commodities as may be offered for sale and delivery in such city.

(a) Such municipal weighmaster has a right to weigh on such municipal scales without interference from the county or public weigher.

(b) The right of the municipal weighmaster to weigh such products in said municipality does not exclude the right of the public or county weigher to weigh products in said city when offered to him for such purpose.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*E. D. Oldfield, Judge.*

Action by L. C. Colt against the city of Oklahoma City and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions.

*J. W. Johnson* and *V. V. Hardcastle,* for plaintiffs in error.

*Reardon & Hereford,* for defendant in error.

WILLIAMS, J.  The defendant in error is the regular elected public weigher of Oklahoma county and was acting as such on February 4, 1913, at which time the plaintiff in error, the city of Oklahoma City, was a municipal corporation existing under a charter or commission form of government. On said date one of the plaintiffs in error, Don Sanford, as city weighmaster, was claiming to operate the city scales under and by virtue of the laws of said municipality. An action was commenced by the defendant in error as plaintiff to enjoin the plaintiffs

in error as defendants from operating said scales.    Upon a hearing an injunction was granted and made permanent against them. This proceeding in error is to review the action of the lower court.    The defendant in error, to wit, L. C. Colt, will hereinafter be referred to as the county weigher.

The duty of the county weigher within his county is "to receive, inspect and weigh, according to the standard weights of the United States, all cotton, grain of every kind, live stock, hay, cotton seed, coal, wood, broom corn and all other farm products sold by weight, and such articles shall be weighed by such weigher in the order in which they are received, and he shall, at the time of such weighing, make a record in duplicate form, either upon a stub attached, or by a carbon duplicate sheet, such records to be in a binding and kept for future reference.    Such record shall contain a statement as to the article, its gross and net weight, its condition and the date of its weighing, together with the description of any marks, brands or other peculiarity essential to the complete description thereof.    A copy of such entry shall be furnished the person applying for such weights.    Said statement of the record of each weight shall be signed by the official weigher, and all such weights, when so made by the public weigher, shall be taken as the legal weight of any commodity mentioned in this section."    Section 1743, Rev. Laws 1910.

"The purchaser of an article, weighed upon the official scales of any public weigher or deputy weigher, shall receive and accept such weights as official and correct, and no person, not a public weigher or deputy, shall hold himself out as such."    (Section 1745, Rev. Laws 1910.)

The charter of Oklahoma City was framed and adopted by virtue of sections 3a and 3b, art. 18 (sections 329 and 330, Williams' Ann. Ed.), of the Constitution of this state.    Section 7 of article 1 of said charter provides:

"General Grant of Powers Not Limited.—The legislative, executive and judicial power of the city shall extend to all matters of local and municipal government, it being the intent hereof that the specification of particular powers by any other provision of this charter shall never be construed as limiting or impairing the effect of the general grant of powers hereby made."

Under the powers of such charter an ordinance was passed by said municipality entitled:

"An ordinance relating to the inspection of scales, weights and measures, regulating the methods thereof, defining duties of certain officers, prohibiting the use of false scales and measures, forbidding the offering for sale of merchandise under a misrepresentation as to weights or measures, providing a penalty, and declaring an emergency."

Section 7 of said ordinance is as follows:

"The board of commissioners shall appoint, in manner provided by law, public weighmasters for the city scales, who shall give bond to faithfully perform their duties, in the sum of one thousand dollars, with sureties to be approved by said board, and take the oath of office prescribed by law. They shall be paid such compensation as the board of commissioners may from time to time by ordinance prescribe, and shall account weekly for all fees collected by them. The city scales shall be in their charge, and they shall keep the same in good order and repair. They shall weigh all deliveries offered for that purpose and shall issue certificates identical with that issued by other weighmasters except they shall be printed on white paper, with the words 'Public City Scales' printed thereupon, and shall make such charges therefor as shall be ordered by said board of commissioners of said city."

The question essential for determination is whether the said city has authority to provide for a municipal weighmaster.

Section 591 of article 11, c. 10, Rev. Laws 1910, as to defining the powers and duties of the council of cities, is as follows:

"The council may prescribe rules for the weighing and measuring of every commodity sold in the city, in all cases not otherwise provided for by law, and may provide for the inspection and weighing of hay, grain and coal, the measuring of wood and fuel, and determine the place or places of the same, and regulate and prescribe the place or places of exposing for sale hay, coal and wood, and fix the fees and duties of the persons authorized to perform the duties named in this section"

—clearly recognizing such regulation as a municipal matter.

Section 970, vol. 3, of McQuillin on Municipal Corporations (1912) is as follows:

"Ordinances regulating the character of weights and measures to be used for coal, hay, lumber, cordwood, and other bulky articles, and meat, bread, and other specified market and food

products sold and delivered within the corporate limits, are strictly an exercise of the police power and are common in all cities and towns."

The Constitution of Missouri contains a grant of power for the organization of municipal charters or commission forms of government very similar to that contained in sections 3a and 3b, art. 18, *supra.* See section 16, art. 9, Const. of Missouri 1875.

In *Sylvester Coal Co. et al. v. City of St. Louis et al.,* 130 Mo. 323, 32 S. W. 649, 51 Am. St. Rep. 566, it was held that an ordinance of the city of St. Louis, which existed under a charter or commission form of government, by section 16, art. 9, Constitution of said state, requiring coal dealers to furnish official certificates to consumers, was valid. See, also, *State v. Tyson,* 111 N. C. 687, 16 S. E. 238. See, also, authorities cited in footnotes 42 and 43 at pages 2155 and 2156, vol. 3, McQuillin on Munic. Corp. 1912; *Lamar v. Weidman,* 57 Mo. App. 507; *Lehigh Coal & Iron Co. v. Capeheart,* 49 Minn. 539, 52 N. W. 142; *Stokes v. New York,* 14 Wend. (N. Y.) 87; *Raleigh v. Sorrell,* 46 N. C. 49.

We conclude that the city of Oklahoma City, existing by virtue of a special charter, may maintain municipal scales in charge of a municipal weigher. *Ex parte Simmons,* 5 Okla. Cr. 399, 115 Pac. 380; *Lackey v. State ex rel. Grant,* 29 Okla. 255, 116 Pac. 913; *Mitchell v. Carter,* 31 Okla. 592, 122 Pac. 691; *Cotteral et al. v. Barker et al.,* 34 Okla. 533, 126 Pac. 211. We do not hold, however, that the municipal weighmaster supersedes the county weigher in said municipality, but that, acting under authority of the city, he has a right to weigh on municipal scales, for the ordinance is in harmony with the state statute. As to how conclusive his certificate is as to weights may be a matter of proof that is not essential here to determine.

The judgment of the lower court is reversed, and the cause remanded, with instructions that a new trial be granted, and the plaintiff's petition be dismissed.

All the Justices concur.