SEABOARD AIR LINE RAILWAY COMPANY v. BRUNSWICK COUNTY.

(Filed 2 April, 1930.)

1. **Appeal and Error E a—Record must show exception to judgment and appeal therefrom.**

   In order to confer jurisdiction on the Supreme Court on appeal the record must show exception to the judgment and appeal therefrom and notice to the appellees either in open court or within the time prescribed by statute, C. S., 641, 642, Const., Art. IV, sec. 8, and where this does not appear of record the appeal will be dismissed.

**2. Appeal and Error F b—Assignments of error must be based upon exceptions.**

Assignments of error on appeal must be based upon exceptions appearing of record or they will not be considered on appeal.

**3. Taxation E c—Strict compliance with C. S., 7979 must be had in action brought thereunder, but question not decided on this appeal.**

Ordinarily when an action is based on statutory authority the statute must be strictly complied with, but in this case the question of whether the plaintiff complied with C. S., 7979, and could maintain his action to recover a tax illegally levied, is not decided, the record not containing an exception to the judgment and appeal therefrom.

APPEAL by defendant from *Cranmer, J.,* at January Term, 1930, of BRUNSWICK. Dismissed.

This is an action to recover the sum of $614.22 paid by plaintiff to the sheriff of Brunswick County on account of taxes illegally levied upon its property and demanded by said sheriff.

At the trial defendant conceded that said sum of money was levied as a tax on plaintiff's property without lawful authority. It contended, however, that plaintiff is not entitled to recover in this action because of its failure to comply strictly with the provisions of C. S., 7979, with respect to the demand for the refund of the amount which it had paid to the sheriff under protest.

Upon the facts found by the court, there was judgment for the plaintiff.

*John D. Bellamy & Sons for plaintiff.*
*C. Ed Taylor and J. W. Ruark for defendant.*

CONNOR, J. It does not appear on the record filed in this Court by the defendant that defendant excepted to the judgment or appealed therefrom to this Court. The judgment is set out in the case on appeal which was served on counsel for plaintiff. There are no entries, however, showing any exception by defendant, or any notice of appeal to the plaintiff, either in open court or within the time prescribed by statute. C. S., 641; C. S., 642. The appeal docketed in this Court by the defendant must therefore be dismissed. *Corp. Com. v. R. R.,* 185 N. C., 435, 117 S. E., 563; *Howell v. Jones,* 109 N. C., 102, 13 S. E., 889. The record filed in this Court must show at least that an appeal was taken from the judgment. Otherwise this Court acquires no jurisdiction of the action. Const. of N. C., Art. IV, sec. 8.

The assignments of error shown in the transcript filed in this Court are not based upon exceptions appearing in the case on appeal. They

will therefore not be considered. They do not supply the want of exceptions. *Boyer v. Jarrell,* 180 N. C., 479, 105 S. E., 9.

The question discussed on the hearing in this Court, to wit: Whether in the absence of a demand on the treasurer of the county, within thirty days after the payment to the sheriff, under protest in writing, for the refund of money paid to him for a tax illegally levied by the county, the taxpayer is entitled to recover in an action instituted under C. S., 7979, is not decided for the reason that this Court is without jurisdiction of the action. In this case, the demand for refund was made, within the required time, of the sheriff, to whom the money was paid, under protest, in writing, and also of the board of county commissioners; no demand, however, was made of the treasurer of the county, as required by the statute. Ordinarily, where an action is authorized by statute, and can be maintained only because of statutory authority, the provisions of the statute must be strictly complied with. A substantial compliance is not sufficient. The appeal is

Dismissed.