W. G. TWINING, A RESIDENT AND TAXPAYER OF THE CITY OF WILMINGTON, NORTH CAROLINA, SUING FOR HIMSELF AND IN BEHALF OF ALL OTHER TAXPAYERS SIMILARLY SITUATED WHO DESIRE TO COME IN, MAKE THEMSELVES PARTIES TO THIS CAUSE AND CONTRIBUTE TO THE COSTS THEREOF, v. CITY OF WILMINGTON, NORTH CAROLINA.

(Filed 4 January, 1939.)

1. Taxation § 4—

Bonds for the purpose of building and equipping a municipal auditorium are not for a necessary municipal expense.

2. Same—

The finding of the court below that in this case bonds for the purpose of acquiring lands and establishing public parks and playgrounds, and equipping same, are not for a necessary municipal expense, is approved.

3. Same—

Bonds for the purpose of erecting and equipping a municipal building to be used in part as a public library, are not for a necessary municipal expense.

4. Same—

The finding of the trial court that in this case bonds for the purpose of acquiring lands and erecting suitable buildings thereon for recreation and athletic purposes, are not for a necessary municipal expense, is approved.

5. Same—

Bonds for other than necessary purposes must be approved by a majority of the qualified voters of the taxing unit. Art. VII, sec. 7.

**6. Taxation § 3b—**

Bonds in excess of two-thirds of the amount by which the taxing unit decreased its outstanding debt during the prior fiscal year may be issued upon the approval of a majority of those voting, Art. V, sec. 4., unless for other than a necessary purpose.

**7. Taxation §§ 3b, 4—**

The people of the State, in their Constitution, may place what restrictions they please upon the creation of public debt, and in doing so, to distinguish between debts different in kind and necessity.

**8. Same—Art. VII, sec. 7, and Art. V, sec. 4, are not in conflict, and in apposite instances both are applicable.**

Art. VII, sec. 7, and Art. V, sec. 4, of the State Constitution are not in conflict, and bonds for other than necessary expenses which are also in excess of two-thirds of the amount by which the taxing unit decreased its outstanding indebtedness during the prior fiscal year, must be approved not only by a majority of those voting in the election under the provisions of Art. V, sec. 4, but also by a majority of the qualified voters of the taxing unit under the requirement of Art. VII, sec. 7, although but one referendum is required.

**9. Taxation § 4—**

When municipal bonds for purposes other than the payment of necessary municipal expenses are proposed to be issued under the Municipal Finance Act, it is required by C. S., 2948, that they be approved by a majority of the qualified voters.

APPEAL of defendant from *Cranmer, J.,* at November Term, 1938, of NEW HANOVER. Affirmed.

The city of Wilmington, planning to issue bonds for certain projects, adopted four several ordinances, under the Municipal Finance Act of 1917, relating respectively to the building and equipping of a Municipal Auditorium; the acquisition of lands and establishing of public parks and playgrounds, and equipping the same; the erection and equipping of a Municipal Building to be used in part as a public library; the acquisition of lands and erection thereon of suitable buildings for recreational and athletic purposes. The aggregate amount of bonds was not to exceed $135,000, allocated in detail to the projects respectively; and as to each resolution the bond issue provided the levying of a tax to pay the principal and interest.

Pursuant to the requirements of the act, a special bond election was held on Tuesday, 30 August, 1938, at which time each of the projects above named were approved by a majority of those voting but not by a majority of the qualified voters, as provided in Article VII, section 7, of the Constitution of North Carolina, and by section 2948 of the Consolidated Statutes (Michie's Code of 1935).

The plaintiff, a taxpayer of the city of Wilmington, brought this action in his own behalf and in behalf of other taxpayers similarly

situated, to enjoin further proceedings, and especially the issuing of the contemplated bonds, upon the ground that such issue was not approved by the majority of the qualified voters of the city.

The city of Wilmington had not retired a sufficient amount of its indebtedness during the preceding fiscal year to permit the bond issue, under the provisions of Article V, section 4, of the Constitution, limiting such bond issue to two-thirds of the amount of debt so retired.

Upon the hearing the judge below found, under the facts stated in the record, that none of the projects proposed constituted a necessary purpose, and none had been approved at the election by a majority of the qualified voters and, therefore, enjoined the issue of the bonds. From this judgment the defendant appealed.

*W. F. Jones for plaintiff, appellee.*
*W. B. Campbell and Alan A. Marshall for defendant, appellant.*

SEAWELL, J. 1. We approve of the findings of Judge Cranmer that none of the projects mentioned was a necessary purpose.

2. If the provisions of Article VII, section 7, of the Constitution still apply, the issue of the bonds is without authority, since none of the proposals were approved by a majority of the qualified voters at the election. That may be true, also, by application of the statute, under which the proceeding leading to the bond issue was had.

Article VII, section 7, of the Constitution is as follows: "7. No debt or loan except by a majority of voters.—No county, city, town, or other municipal corporation shall contract any debt, pledge its faith or loan its credit, nor shall any tax be levied or collected by any officers of the same except for the necessary expenses thereof, *unless by a vote of the majority of the qualified voters therein.*"

The pertinent part of Article V, section 4, of the Constitution is as follows: ". . . and for any purpose other than these enumerated the General Assembly shall have no power to authorize counties or municipalities to contract debts, and counties and municipalities shall not contract debts, during any fiscal year, to an amount exceeding two-thirds of the amount by which the outstanding indebtedness of the particular county or municipality shall have been reduced during the next preceding fiscal year, unless the subject be submitted to a vote of the people of the particular county or municipality. In any election held in the State or in any county or municipality under the provisions of this section, the *proposed indebtedness must be approved by a majority of those who shall vote thereon.*"

To summarize, for the creation of debt for unnecessary purposes, Article VII, section 7, of the Constitution requires the approval of a

majority of the qualified voters; to overcome the restriction placed upon the creation of debt by Article V, section 4 (which was necessary in this case), it is only necessary to have the approval of a majority of those voting.

These sections of the Constitution are not in conflict. It was competent for the people of the State, in their Constitution, to place what emphasis they pleased upon restrictions in the creation of debt, and in doing so to distinguish between debts differing in kind and necessity, and we see no indication in the adoption of the amendment to Article V, section 4, that there was any intention on their part to modify the measure of restraint expressed in the more rigid requirements of Article VII, section 7, as a condition precedent to the contraction of debt for an unnecessary purpose. One referendum only is required, but when the proposal is to issue bonds for a purpose which cannot be classed as necessary, it must be approved by a majority of the qualified voters, as required in Article VII, section 7, although a majority of those voting is sufficient to satisfy the requirements of Article V, section 4, as to the particular restriction imposed therein.

We may say further that the city has undertaken the issue of the bonds under the Municipal Finance Act of 1917—C. S., 2936, *et seq.*— and is bound by its provisions. Section 2948 requires that where the bond ordinance provides for the issuance of bonds for a purpose other than the payment of necessary expenses of the municipality, the approval of a majority of the qualified voters is necessary to make the ordinance operative. *Hemric v. Comrs. of Yadkin County,* 206 N. C., 845, 175 S. E., 168.

Upon this reasoning, the judgment of the court below, restraining the issuance of the bonds, is

Affirmed.