TOWN OF WADESBORO v. FRED J. COXE AND WIFE, ELIZABETH D. COXE, AND JAMES A. HARDISON AND WIFE, LILLIAN H. HARDISON.

(Filed 31 May, 1939.)

**Municipal Corporations § 34: Pleadings § 29—Held: Motion to strike should have been allowed, the matter complained of being irrelevant and immaterial.**

An action by a municipality to collect assessments against property for improvements is a proceeding *in rem* and there is no personal liability on the part of the owners of the land or their grantees, and therefore allegations that in the sale of the land the grantees retained the amount of the unpaid assessments out of the purchase price, and that the grantors after petitioning for the improvements sought to defeat the payment of the assessments by failing and refusing to permit their grantees to pay the

municipality the amount retained. is properly stricken out, C. S., 506, since such matter is irrelevant and immaterial. and evidence in support thereof would be incompetent, and since defendants might be prejudiced if it were allowed to remain.

APPEAL from *Phillips, J.,* at March Term, 1939, of ANSON. Reversed.

*Robinson, Pruette & Caudle for plaintiff, appellee.*
*B. M. Covington for defendants, appellants.*

SCHENCK, J. This is an appeal by the defendants from a denial of their motion to strike from the complaint paragraphs 8 and 9 for that the allegations therein are irrelevant and immaterial to the plaintiff's alleged cause of action, said motion having been made in apt time under C. S., 537.

The complaint alleges that the defendants Fred J. Coxe and wife, Elizabeth D. Coxe, were property owners within the town of Wadesboro, and were two of the majority of property owners who petitioned the town to improve certain lots of land with frontage on Lee Avenue, and that pursuant to the petition, and in accord with chapter 56, article 9, of Consolidated Statutes and amendments thereto, the town effected the improvements petitioned for, the cost of which became a lien on the land so improved; and that said Coxe and wife paid several installments of the assessment against their land on Lee Avenue, and thereafter conveyed said land to the defendants James A. Hardison and wife, Lillian H. Hardison, subject to the portion of the assessment lien still unpaid; and that the defendants, the said Coxe and wife and the said Hardison and wife, decline to pay the remaining assessments now due and unpaid. The prayer of the complaint is that the plaintiff recover the amount of the unpaid assessment against the land, and that said land be condemned and sold for the satisfaction of the assessment lien.

The complaint contains the further allegations of paragraphs 8 and 9, which the defendants moved to strike out, as follows:

"8. This plaintiff is further informed, believes and so alleges, that at the time the property was sold to the defendants James A. Hardison and wife, Lillian H. Hardison, two of the said defendants, they had the title to said property examined and were informed that there was an unpaid assessment lien affecting said property in the sum of $758.42, with interest thereon as prescribed by the statute; and that when the sale of said property was made by the defendants Fred J. Coxe and wife, Elizabeth D. Coxe, to the said James A. Hardison and wife, Lillian H. Hardison, the amount of the assessment lien was not paid to the defendants Fred J. Coxe and wife, Elizabeth D. Coxe, but was

retained, and as this plaintiff is informed and believes, is still in the possession of the said James A. Hardison and wife, Lillian H. Hardison.

"9. That the defendants Fred J. Coxe and wife, Elizabeth D. Coxe, after having encouraged, petitioned and urged the plaintiff to make the local improvements affecting their property above-described, which local improvements were made according to their wishes and as prescribed by the statute, this plaintiff is informed and believes that the said defendants, Fred J. Coxe and wife, Elizabeth D. Coxe, are now seeking to defeat the payment of said assessment lien by failing and refusing to permit the purchasers of said property to pay over to the town of Wadesboro the amount of the assessment lien which is retained in the possession of the defendants James A. Hardison and wife, Lillian H. Hardison."

It was necessary for the plaintiff, in stating its cause of action, to allege only the facts with reference to the making of the improvements, the levying of the assessment for such improvements, that some part of the assessments remain due and unpaid; and that the statutory procedure had been complied with. The allegations of paragraphs 8 and 9 of the complaint are not relevant nor material to the plaintiff's cause of action, and might be prejudicial to the defendants if allowed to remain therein.

This action is strictly a proceeding *in rem* and there is no personal liability against the owners of the land for the assessments levied against it. *Carawan v. Barnett,* 197 N. C., 511.

"A party to an action is entitled as a matter of right to put into his pleadings a concise statement of the facts constituting his cause of action or defense, *and nothing more.* C. S., 506; C. S., 519. Upon motion made in apt time, an aggrieved party may have irrelevant or redundant matter stricken from his opponent's plea, especially when such matter is prejudicial to him, or scandalous. C. S., 537. A motion under this statute has been held to be made as a matter of right and not addressed to the discretion of the court. *Bank v. Atmore,* 200 N. C., 437, 439." *Patterson v. R. R.,* 214 N. C., 38.

It is manifest that upon the trial of the plaintiff's alleged cause of action, evidence of the facts alleged in paragraphs 8 and 9 of the complaint would be incompetent and inadmissible because irrelevant and immaterial, and therefore upon motion duly made should have been stricken from the complaint. "Inasmuch as evidence in support of the allegation in paragraph 13 of the complaint would be inadmissible, it follows, under the decisions of this Court, that such allegations in the complaint should be stricken as irrelevant, immaterial and prejudicial. 'It is readily conceded that nothing ought to be in a complaint, or remain there over objection, which is not competent to be shown on

the hearing. C. S., 506; 21 R. C. L., 452.' *Pemberton v. Greensboro,* 203 N. C., 514. 'On a motion to strike out, the test of relevancy of a pleading is the right of the pleader to present the facts to which the allegation relates in the evidence upon the trial.' *Trust Co. v. Dunlop, ante,* 196." *Duke v. Children's Com.,* 214 N. C., 570.

The order of the Superior Court denying the motion of the defendants is

Reversed.