J. D. MOOSE v. S. C. BARRETT.

(Filed 3 November, 1943.)

1. **Statutes § 5d—**

The general rule is that when a statute creates a liability where none existed before and denominates its violation a misdemeanor, and prescribes remedies for its enforcement, such remedies are usually regarded as exclusive. *Expressio unius est exclusio alterius.*

2. **Laborers and Materialmen's Liens § 4—**

Where a statute required that every purchaser of baled cotton should pay the county cotton weigher ten cents for every bale bought or weighed

within the county, giving the weigher a lien for his fee and making a willful and wanton failure to settle with or report to the weigher an indictable offense, the remedies are exclusive and no action for a debt is created.

APPEAL by defendant from *Burgwyn, Special Judge,* at June Term, 1943, of CABARRUS.

Civil action to recover cotton weigher's compensation for baled cotton purchased by the defendant at Midland in Cabarrus County.

Plaintiff alleges that he is entitled to recover 10 cents for each and every bale of cotton purchased by the defendant in Cabarrus County, outside the city of Concord, and not settled for or reported to him during the three years next immediately preceding the institution of the action. The defendant was a merchant at Midland and a buyer of cotton. The amount is not in dispute. It was agreed that the issue of indebtedness should be answered $202.20, "if entitled to anything."

It is admitted that none of the baled cotton in question was weighed by the plaintiff, and that no reports were made to him in respect thereof.

From verdict and judgment for plaintiff, the defendant appeals, assigning errors.

*L. E. Barnhardt for plaintiff, appellee.*
*Hartsell & Hartsell for defendant, appellant.*

STACY, C. J. The question sought to be presented is whether the cotton weigher of Cabarrus County can recover of a private citizen for baled cotton bought or weighed by him in the county, outside the city of Concord, where no services are rendered by the cotton weigher in connection with the cotton so bought or weighed.

It is provided by ch. 238, Public Laws 1895, as amended by ch. 95, Public-Local Laws 1919, that the cotton weigher of Cabarrus County "shall receive as compensation for his services the sum or sums to be collected and paid as hereinafter provided: Every person, firm or corporation who buys baled cotton in the city of Concord shall pay to the said cotton weigher twenty cents per bale for all cotton bought by him in said city; . . . and every person, firm or corporation who buys baled cotton in Cabarrus County, outside of the city of Concord, shall pay to the said cotton weigher of Cabarrus County ten cents per bale for each bale of cotton bought by him or it, or weighed or caused to be weighed for manufacture, shipment or transportation; and it shall be lawful for the said person buying said cotton to retain from the amount of money due the seller or owner of such cotton the sum of five cents for each bale so bought, weighed or caused to be weighed; and it shall be the duty of

each and every person, firm or corporation who buys or weighs any baled cotton in said county, outside the city of Concord as and for any of the purposes hereinbefore set out, to weigh said cotton at its true and just weight . . . and shall make a detailed report of the cotton so bought or weighed by him or it to the cotton weigher of Cabarrus County on the first day of each month, . . . and settle with and pay over to said cotton weigher, the amount due for the cotton bought or weighed by him or it; and any person willfully and wantonly violating the provisions of this section shall be guilty of a misdemeanor; and the said cotton weigher shall have a lien on any cotton weighed by him or other person as hereinbefore provided."

The foregoing provisions were repealed by ch. 489, Public Laws 1943, and others substituted in their stead, but it is conceded they were in effect at the times for which the plaintiff sues.

The plaintiff rendered no services in connection with the transactions for which he claims compensation. He did not weigh any of the cotton in question, nor were any reports made to him in connection therewith. He is given a lien on the baled cotton bought or weighed by the defendant at Midland in Cabarrus County, but he is not seeking to enforce the lien. His action is to hold the defendant personally liable for his "compensation" of 10 cents for each and every bale of cotton so bought or weighed by the defendant. Willful and wanton failure on the part of the defendant to settle with the cotton weigher or to report his transactions is made indictable, *S. v. Tyson,* 111 N. C., 687, 16 S. E., 238, but no civil personal liability appears to be prescribed therefor, certainly none *ipsissimis verbis. Intendant v. Sorrell,* 46 N. C., 49. The case is not one of common-law origin. No such right as here asserted existed at common law. All of plaintiff's rights and remedies are statutory. *Noland Co. v. Trustees,* 190 N. C., 250, 129 S. E., 577; 1 Am. Jur., 411. The legislation not only creates the liability upon which plaintiff sues, but also prescribes the remedies for its enforcement. *Morganton v. Avery,* 179 N. C., 551, 103 S. E., 138; *R. R. v. Brunswick County,* 198 N. C., 549, 152 S. E., 627.

There is no allegation that the defendant in buying the cotton in question retained five cents a bale from the amount due the seller, or that such sum, if retained, would belong to the plaintiff. *Hill v. Stansbury, ante,* 193. Moreover, it would seem that the remedies prescribed by the statute were intended to be exclusive. *Expressio unius est exclusio alterius. McCotter v. Reel, ante,* 486; *Moffitt v. Davis,* 205 N. C., 565, 172 S. E., 317. "Where a right is given and a remedy provided by statute, the remedy so provided must be pursued." *People v. Craycroft,* 2 Cal., 243, 56 Am. Dec., 331; 25 R. C. L., 1058; 1 Am. Jur., 410. Evidently the General Assembly did not regard the "amount due for the

cotton bought or weighed" as a debt, since it provided criminal sanctions in case of willful and wanton failure to comply with the provisions of the statute. "There shall be no imprisonment for debt in this State, except in cases of fraud." Const., Art. I, sec. 16.

The general rule is that where a statute creates a liability where none existed before and denominates a violation of its provisions a misdemeanor, and prescribes remedies for its enforcement, such remedies are usually regarded as exclusive. 1 Am. Jur., 411; 25 R. C. L., 982.

"It is also a rule of general recognition that when a statute gives a right and creates a liability which did not exist at common law, and at the same time points out a specific method by which the right can be asserted and the liability ascertained, that method must be strictly pursued"—*Wagner, J.,* in *Jefferson County Farm Bureau v. Sherman,* 208 Iowa, 614, 226 N. W., 182.

Cureton of Texas puts it this way : "The general rule is that where the cause of action and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable"—*Cureton, C. J.,* in *Mingus v. Wadley,* 115 Tex., 551, 285 S. W., 1084.

An enunciation of the applicable principle was made in *Pollard v. Bailey,* 20 Wall., 520, 22 L. Ed., 376. There it was said : "A general liability created by statute, without a remedy, may be enforced by an appropriate common-law action ; but where the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone, must be employed." See *Beckman v. Buckwalter,* 341 Pa., 561, 20 A. 2d. 198 ; 1 R. C. L., 323.

True, in the instant case the supposed lien may be unsuitable to the purposes intended, yet it is what the General Assembly had seen fit to prescribe. No doubt its obvious impolicy led to the repeal of this part of the statute and the substitution of other provisions in its stead. The provision in respect of criminal liability may have been regarded as adequate. *Hickman v. City of Kansas,* 120 Mo., 110, 25 S. W., 225, 23 L. R. A., 658, 41 Am. St. Rep., 684.

This view of the statute relieves us from the necessity of passing upon the constitutionality of the act or from the need of deciding whether a public officer can recover "compensation for his services" of a private citizen for matters in connection with which he has rendered no service. *S. v. Lueders,* 214 N. C., 558, 200 S. E., 22 ; Annotation : 116 A. L. R., 245 ; 28 R. C. L., 7.

The case is not like *Bickett v. Tax Com.,* 177 N. C., 433, 99 S. E., 415, where the collection "through the ginner" of 25 cents "on each bale of cotton ginned" in the State, to create an indemnity fund to safeguard

the State Warehouse System, was under consideration. It more nearly resembles a proceeding to enforce a charge against specific property, where no personal liability attaches. *Wadesboro v. Coxe,* 215 N. C., 708, 2 S. E. (2d), 876; *Rigsbee v. Brogden,* 209 N. C., 510, 184 S. E., 24.

Perhaps it should be observed that an expression of the police power, such as we have here, may differ both in kind and effect from an act to raise revenue. *State and Guilford County v. Georgia Company,* 112 N. C., 34, 17 S. E., 10; Notes: 23 L. R. A. (N.S.), 267; 51 L. R. A. (N.S.), 731; Ann. Cas. 1912-C, 256.

On the record as presented, the plaintiff's action must fail.

Reversed.