### H. A. PADGETT v. GROVER C. LONG ET AL.

(Filed 19 September, 1945.)

**1. Statutes § 5d—**

> One who predicates his cause of action on a statute, where no such right existed at common law, must bring himself within its provisions.

**2. Homestead and Personal Property Exemptions §§ 1, 10—**

> In a suit to recover damages (G. S., 95-75) for violation of the provisions of G. S., 95-73, an allegation, that the forbidden purpose of the statute was accomplished by instituting in the foreign state an action, suit or proceeding for the attachment or garnishment of the debtor's earnings in the hands of his employer, would seem to be an essential element of the cause of action. An allegation, that the debtor was threatened with attachment or garnishment of his wages and was forced to pay the foreign judgment in order to avoid same, is not sufficient.

**3. Same—**

> The resident creditor is not forbidden (G. S., 95-73) to send his claim out of the State for collection by suit or otherwise, provided no effort is made, in the foreign state by attachment or garnishment, to deprive the resident debtor of his personal earnings and property exempt from application to the payment of his debts under the laws of this State.

**4. Pleadings § 13½—**

> A demurrer admits the truth of factual averments well stated and relevant inferences of fact properly deducible therefrom, but it takes no account of legal inferences or conclusions of law asserted by the pleader.

APPEAL by plaintiff from *Rousseau, J.,* at March Term, 1945, of MADISON.

Civil action to recover damages for violation of the provisions of G. S., 95-73.

For his cause of action, the plaintiff alleges:

1. That plaintiff is a resident wage-earner or salaried employee of the Southern Railway Company, a corporation engaged in interstate business, and has for the past several years resided with his family in the town of Hot Springs, Madison County, this State.

2. That the defendants are residents of the town of Hot Springs and conduct therein a mercantile business under the name of Clover Leaf Store.

3. That plaintiff and defendants were at all times herein mentioned under the jurisdiction of the courts of this State.

4. That on or about 4 June, 1943, the defendants, having a book account against the plaintiff, sent the same to an attorney in Tennessee and had suit brought thereon while plaintiff was temporarily in said State working with a bridge construction crew as an employee of the Southern Railway Company, and obtained judgment against the plaintiff in a justice's court, "which this plaintiff was forced to pay in order to avoid an attachment or garnishment of his wages."

5. That it was the purpose and intention of the defendants, by the institution of the aforesaid suit in Tennessee, to deprive the plaintiff of his legal exemptions as a resident of the State of North Carolina.

6. That the defendants brought suit against the plaintiff in the State of Tennessee and had process served upon him while he was temporarily within that State, "and thereupon threatened to attach or garnishee plaintiff's wages."

Wherefore plaintiff demands "the full amount of the debt thus collected" (G. S., 95-75) and damages.

Demurrer interposed on the ground that the complaint does not state facts sufficient to constitute a cause of action. Demurrer sustained. Plaintiff appeals, assigning error.

*James E. Rector for plaintiff, appellant.*

*Guy V. Roberts and Jones, Ward & Jones for defendants, appellees.*

STACY, C. J.   The statute on which the plaintiff predicates his cause of action, G. S., 95-73, forbids any resident creditor of a resident wage-earner or other salaried employee of a railway corporation or other employer engaged in interstate business, to send his book account or other contract demand out of the State, assign or transfer it for value or otherwise, with intent thereby to deprive such debtor of his personal earnings and property exempt from application to the payment of his debts under

the laws of this State, "by instituting or causing to be instituted thereon against such debtor, in any court outside of this State, any action, suit or proceeding for the attachment or garnishment of such debtor's earnings in the hands of his employer, when such creditor and debtor and the railway corporation, . . . firm or individual owing the wages or salary intended to be reached are under the jurisdiction of the courts of this State."

It will be noted that the right which the plaintiff seeks to enforce is statutory. No such right existed at common law. It is essential therefore that the cause of action be laid within the terms of the statute. 1 Am. Jur., 410. One who predicates his cause of action on a statute must bring himself within its provisions. *Chicago & E. R. Co. v. Biddinger,* 63 Ind. App., 30, 113 N. E., 1027. See *Moose v. Barrett,* 223 N. C., 524, 27 S. E. (2d), 532. "Where a right is statutory, the claimant cannot recover unless he brings himself within the terms of the statute"— 2nd headnote, *United States v. Perryman,* 100 U. S., 235, 25 L. Ed., 645.

Plaintiff alleges that he was threatened with attachment or garnishment of his wages and was forced to pay the Tennessee judgment "in order to avoid an attachment or garnishment of his wages," but it is not alleged that the forbidden purpose was accomplished by instituting in the foreign state an action, suit or proceeding "for the attachment or garnishment of such debtor's earnings in the hands of his employer." This would seem to be an essential element of the cause of action created by the statute. Its omission is fatal to the case.

A resident creditor is not forbidden to send his claim out of the State for collection by suit or otherwise, provided no effort is made in the foreign state by attachment or garnishment to deprive the resident debtor of his personal earnings and property exempt from application to the payment of his debts under the laws of this State. The statute inveighs against the institution of foreign proceedings in attachment or garnishment, in the circumstances described, with intent thereby to reach the wages or salary of the wage-earner in the hands of his employer, when the creditor, the wage-earner and his employer are all under the jurisdiction of the courts of this State. The present complaint falls short of an allegation of this kind.

True, it is alleged that by sending their book account to an attorney in Tennessee and having it reduced to judgment in the courts of that State, the defendants thereby intended to deprive the plaintiff of his legal exemptions as a resident of North Carolina. This, however, is only the conclusion of the pleader. It is not supported by the requisite statutory allegations of fact. A demurrer admits the truth of factual averments well stated and relevant inferences of fact properly deducible therefrom, but it takes no account of legal inferences or conclusions of law asserted

by the pleader. *Ins. Co. v. Stadiem,* 223 N. C., 49, 25 S. E. (2d), 202; *Leonard v. Maxwell, Comr.,* 216 N. C., 89, 3 S. E. (2d), 316; *Harris v. R. R.,* 220 N. C., 698, 18 S. E. (2d), 204.

The demurrer was properly sustained.

Affirmed.