J. K. MASON, JR., L. I. WYLIE, SR., MANLEY W. WELLMAN, JAMES W. SMITH, W. K. CARPENTER, WALTER ALLPERT, N. L. VON BOS-KERCK, CARL O. COMBS, W. D. SHANNON, E. H. MILLS, MRS. HENRY ADDOR, I. G. WYLIE, A. G. WALLACE, E. J. AUSTIN, AND 375 CITIZENS AND TAXPAYERS OF ABERDEEN SCHOOL DISTRICT NO. 7, TOO NUMEROUS HERE TO SET FORTH AND ALL OTHER TAXPAYERS OF MOORE COUNTY, NORTH CAROLINA, WHO CARE TO MAKE THEMSELVES PARTIES PLAINTIFF, v. MOORE COUNTY BOARD OF COMMISSIONERS, G. M. CAMERON, CHAIRMAN, MOORE COUNTY BOARD OF EDUCATION, F. D. FERRELL, CHAIRMAN, MOORE COUNTY BOARD OF ELECTIONS, S. H. RIDDLE, CHAIRMAN.

(Filed 15 December, 1948.)

**1. Appeal and Error § 9—**

Appeal by the party seeking review is necessary to give the Supreme Court jurisdiction, and this fact must appear by appeal entry of record, G.S. 1-279, G.S. 1-280, and in the absence of appeal entry of record the purported appeal must be dismissed.

**2. Appeal and Error § 21 ½ —**

Where the record fails to show a jurisdictional fact, the Supreme Court is without power to correct the record, since it can have no jurisdiction of the cause.

**3. Same—**

Counsel may not correct the record proper by stipulation.

**4. Appeal and Error § 22—**

The Supreme Court is bound by the record as certified.

**5. Taxation § 3—**

The vote on the question of issuance of bonds for a necessary expense is not against the registration, and a favorable vote of the majority of those voting in the election is sufficient to validate the bond resolution and authorize the issuance and sale of the proposed bonds. N. C. Constitution, Art. V, sec. 4. G.S. 153-92.

CIVIL ACTION, heard by *Phillips, J.,* at Chambers in Rockingham, N. C., on the return to the notice to show cause why the order theretofore issued, restraining defendants from certifying the vote and the results of a school building bond election, should not be made permanent.

The defendants authorized the issuance of county bonds in the aggregate sum of $375,000 to finance the construction of a new school building in Aberdeen School District No. 7 in Moore County. As the county had not reduced its bonded indebtedness during the preceding fiscal year, they ordered that the question of issuance of said bonds and the levy of a tax sufficient to pay the same be submitted to the qualified electors of the county and to that end called a special election. Thereupon, plaintiffs

instituted this action and upon their application, Williams, J., issued a temporary restraining order returnable before Phillips, J. This order was modified by Armstrong, J., so as to permit the holding of the election but prohibiting the certification of the results pending final hearing. The election was held. There were 3,042 votes cast, of which 1,558—a majority of 74—were in favor of the issuance of the bonds. There are 12,224 registered voters in the county.

When the cause came on for hearing before Phillips, J., on the notice to show cause why the temporary restraining order should not be made permanent, he found the facts fully and upon the facts found, dissolved the restraining order theretofore issued and adjudged that "when and if said bonds are hereafter sold in the manner prescribed by law, they will constitute valid and legal indebtedness against the County of Moore."

Appeal entries appear at the foot of the judgment as follows:

"To the signing of the foregoing order, the defendants in apt time except and in open court give notice of appeal to the Supreme Court. Further notice waived. By consent the plaintiffs allowed 30 days in which to make up and serve case on appeal to Supreme Court and defendants 30 days thereafter to serve countercase or file exceptions. Appeal bond fixed in the sum of $200.00."

It is not made to appear that plaintiffs excepted to the judgment or appealed or gave notice of appeal either in open court or within the time prescribed by statute.

*H. F. Seawell, Jr., for plaintiff appellants.*
*Spence & Boyette for defendant appellees.*

BARNHILL, J. The defendants have not perfected the appeal the record shows they noted in the court below. Indeed, they are not the parties aggrieved. The cause is brought here by plaintiffs. But the record fails to disclose the jurisdictional facts necessary to vest us with authority to entertain the appeal.

That the entries of appeal are not those the parties intended to make would seem to be apparent. To guard against the possibility there may have been an error in transcribing the record, the Clerk of this Court communicated with the Clerk of the Superior Court of Moore County for the purpose of having him check the record here against the original. He, in response, filed in this Court the original judgment together with the accompanying appeal entries from which it appears that the record below is as certified.

Thus it does not appear of record that plaintiffs excepted to the judgment entered, or appealed therefrom, or gave any notice of appeal. This

is a fatal defect, jurisdictional in nature, which precludes us from considering the appeal on its merits.

A party seeking the review of a judgment of the Superior Court must first appeal therefrom, G.S. 1-279, and must cause his appeal to be entered on the judgment docket "and notice thereof to be given to the adverse party unless the record shows an appeal taken and prayed at the trial . . ." G.S. 1-280. These entries and the subsequent docketing of the record on appeal here is what vests this Court with jurisdiction and "puts it in efficient relation and connection with the court below . . ." *Walton v. McKesson,* 101 N. C. 428. Without them, this Court has no jurisdiction and is without authority to consider the questions attempted to be presented. Instead, the purported appeal must be dismissed. *Moore v. Vanderburg,* 90 N. C. 10; *Spence v. Tapscott,* 92 N. C. 576; *McCoy v. Lassiter,* 94 N. C. 131; *Brooks v. Austin,* 94 N. C. 222; *Manufacturing Co. v. Simmons,* 97 N. C. 89; *Walton v. McKesson, supra; Howell v. Jones,* 109 N. C. 102; *R. R. v. Brunswick County,* 198 N. C. 549, 152 S. E. 627.

"There are no entries, however, showing any exception by defendant, or any notice of appeal to the plaintiff, either in open court or within the time prescribed by statute. C.S. 641, C.S. 642. The appeal docketed in this Court by the defendant must therefore be dismissed. *Corp. Comm. v. R. R.,* 185 N. C. 435, 117 S. E. 563; *Howell v. Jones,* 109 N. C. 102, 13 S. E. 889. The record filed in this Court must show at least that an appeal was taken from the judgment. Otherwise this Court acquires no jurisdiction of the action. Const. of N. C., Art. IV, sec. 8." *R. R. v. Brunswick County, supra.*

"It is not sufficient that the appellant intended to appeal, as perhaps he did, but it must appear of record that he did in fact appeal. This is essential to make the appeal effective and put this Court in relation with the Superior Court." *Manufacturing Co. v. Simmons, supra.*

Since the absence of any appeal entry by plaintiffs was called to the attention of the Clerk of the Superior Court of Moore County, counsel have filed in this Court a stipulation that plaintiffs did appeal, and they now consent, in so far as they are authorized so to do, that the record shall be amended to so show. This is not sufficient to remedy the jurisdictional defect in the record.

Even if we are vested with authority in proper instances to correct the records of the Superior Court, we could enter no valid order to that end until we had first acquired jurisdiction. Nor may counsel correct the record proper by stipulation. The remedy is by motion in the cause in the Superior Court. *Land Bank v. Cherry,* 227 N. C. 105, 40 S. E. (2) 799, and cases cited; *Ragan v. Ragan,* 212 N. C. 753, 194 S. E. 458, and cases cited.

This Court is bound by the record as certified by the Clerk of the Superior Court. If it fails to disclose the necessary jurisdictional facts we have no authority to do more than dismiss the appeal. *S. v. Robinson, post,* 647.

We may note that the plaintiffs suffer no substantial harm by reason of this disposition of the attempted appeal. The proceeding in respect to the authorization of the bonds, the calling of the election, and the holding thereof were in all respects regular and fully complied with the statutory requirements. The judge below so found and the record supports the findings.

When the proposed bonds are for a necessary expense and the question whether they shall be issued is submitted to the electors of the governmental unit as required by N. C. Const., Art. V, sec. 4, the vote is not against the registration. The favorable vote of a majority of those voting in the election is sufficient to validate the bond resolution and authorize the issuance and sale of the proposed bonds. ". . . the proposed indebtedness must be approved by a majority of those who shall vote thereon." N. C. Const., Art. V, sec. 4; G.S. 153-92; *Hallyburton v. Board of Education,* 213 N. C. 9, 195 S. E. 21; *Gill v. Charlotte,* 213 N. C. 160, 195 S. E. 368; *Sessions v. Columbus County,* 214 N. C. 634, 200 S. E. 418; *Twining v. Wilmington,* 214 N. C. 655, 200 S. E. 416; *Coe v. Surry County,* 226 N. C. 125, 36 S. E. (2) 910.

Appeal dismissed.