JUDY MAE ALLEN, BY HER NEXT FRIEND, AGNES ALLEN, v. HILLIARD HUNNICUTT.

(Filed 2 March, 1949.)

**1. Parent and Child § 5—**

An illegitimate child may not maintain an action against its father to require its father to provide for its support.

**2. Bastards § 11—**

G.S. Chap. 49 and G.S. 7-103 provide an exclusive remedy to compel a father to provide for the support of his illegitimate child, and the statutes do not authorize the child to maintain a civil action to compel its father to provide for its support.

**3. Parent and Child § 9—**

G.S. 14-322 relates only to legitimate children and an illegitimate child is not protected thereby.

**4. Administrative Law § 5—**

The remedy provided by statute for the enforcement of a right created by statute is exclusive, and a party asserting such right must pursue the prescribed remedy.

**5. Bastards § 1—**

G.S. Chap. 49 was enacted to prevent illegitimates from becoming public charges, and benefit to the child is incidental to such social purpose, and such rights as the child may have must be enforced under the statute and in accord with the procedure therein prescribed.

APPEAL by defendant from *Nettles, J.,* December Term, 1948, BUNCOMBE.

Civil action to establish the paternity of an illegitimate child and for support.

Plaintiff is an illegitimate infant. She alleges that defendant is her putative father and prays an order (1) declaring that defendant is her father, and (2) requiring defendant to provide her with reasonable and adequate support.

Defendant denied that he is the father of plaintiff, pleaded a judgment of the domestic relations court of Buncombe County, and prayed that he go hence without day.

The cause came on to be heard before *Clement, J.,* at the September Term, 1948, and issue of paternity was submitted to and answered by the jury in favor of plaintiff. Clement, J., departed the county without having signed judgment. Thereafter, at the December Term, 1948, Nettles, J., on motion of plaintiff, signed judgment on the verdict *nunc pro tunc,* decreeing that the defendant is the father of plaintiff and ordering and directing that he make certain monthly payments for her support and maintenance until she reaches the age of eighteen. Defendant excepted and appealed.

*Don C. Young for plaintiff appellee.*
*George Pennell for defendant appellant.*

BARNHILL, J.   The defendant's exception to the refusal of the court to dismiss the cause as in case of nonsuit presents for decision this question: May an illegitimate child maintain a civil action to establish its paternity and compel its putative father to furnish it support when the right of action is based solely upon the alleged relationship? The answer is no.

Under the common law an illegitimate child is *nullius filius,* and its putative father is under no obligation to support or contribute to its support. It has no father known to the law, no distinction being made between a reputed father and an admitted father. 7 A.J. 627. Accordingly, the courts in states which have adopted the common law have held in almost every case in which the question has been raised that without legislation the father of an illegitimate child cannot be required to provide for its support. *Kimbrough v. Davis,* 16 N.C. 71; *S. v. Boston,* 102 P. 2d 889 (Okla.); *Brown v. Brown,* 32 S.E. 2d 79; *Beebe v. Cowley,* 156 NE 214 (Ohio); *Hoffer v. White,* 4 NE 2d 595 (Ohio); *S. v. Lindskog,* 221 NW 911 (Minn.); *Law v. S.,* 191 So. 831 (Ala.); *Carlson v. Bartels,* 10 NW 2d 671 (Neb.); *Kordoski v. Belanger,* 160 A. 205 (R.I.); *Kessler v. Anonymous,* 18 N.Y.S. 2d 278; Anno., 30 A.L.R. 1069; 7 A.J. 673.

"It is universally held that a statute must be found imposing the obligation on the putative father before he can be charged with the child's support." *Hurst v. Wagner,* 43 P. 2d 964 (Wash.).

This does not mean that an action based on contract may not be maintained in the absence of a statute. In such case the right of action is bottomed on the obligation of the contract and not on the moral or natural obligation to support. *Kimbrough v. Davis, supra; Burton v. Belvin,* 142 N.C. 150; *Sanders v. Sanders,* 167 N.C. 319, 83 S.E. 490; *Thayer v. Thayer,* 189 N.C. 502, 127 S.E. 553, 39 A.L.R. 428, Anno. p. 434; *Redmon v. Roberts,* 198 N.C. 161, 150 S.E. 881; *Conley v. Cabe,* 198 N.C.

298, 151 S.E. 645; *Hyatt v. McCoy,* 195 N.C. 762, 143 S.E. 518; *Green v. Green,* 210 N.C. 147, 185 S.E. 651.

But the plaintiff insists that we have said in at least two cases that "there is a natural obligation to support even illegitimate children which the law not only recognizes, but enforces." So we have. *Sanders v. Sanders, supra; Green v. Green, supra.* But in each of those cases the action was being prosecuted by a legitimate child. Furthermore, we did not say and have not said the obligation may be enforced in an action instituted and maintained by an illegitimate child. As stated in *Burton v. Belvin, supra,* the natural obligation of the father to support will be enforced under the statute recognizing the obligation and imposing the duty. G.S. Chap. 49; G.S. 7-103.

G.S. 14-322 relates only to legitimate children. An illegitimate child is not protected thereby. *S. v. Gardner,* 219 N.C. 331, 13 S.E. 2d 529.

The remedy provided by statute for the enforcement of a right created by statute is exclusive. A party asserting such right must pursue the prescribed remedy. *R. R. v. Brunswick County,* 198 N.C. 549, 152 S.E. 627; *Bar Asso. v. Strickland,* 200 N.C. 630, 158 S.E. 110; *Maxwell, Comr. v. Hinsdale,* 207 N.C. 37, 175 S.E. 847; *Rigsbee v. Brogden,* 209 N.C. 510, 184 S.E. 24; *Padgett v. Long,* 225 N.C. 392, 35 S.E. 2d 234; *Moose v. Barrett,* 223 N.C. 524, 27 S.E. 2d 532; *S. v. Boston, supra; Kordoski v. Belanger, supra; Carlson v. Bartels, supra;* Anno. 30 A.L.R. 1070.

"Where a right is given and a remedy provided by statute, the remedy so provided must be pursued." *Moose v. Barrett, supra.*

The duty of a putative father to support his illegitimate child was not created primarily for the benefit of the child. The legislation is social in nature and was enacted to prevent illegitimates from becoming public charges. The benefit to the child is incidental. Such rights as it may have must be enforced under the statute and in accord with the procedure therein prescribed. G.S. Chap. 49, G.S. 7-103.

The judgment below is

Reversed.